The People of the State of New York ex rel. John Laird, Respondent, *v.* John W. Hannah, as Sheriff of the County of Monroe, Appellant.

*Contempt in a Justice's Court — habeas corpus — the court may inquire on habeas corpus into the validity of the proceedings in which the relator was committed.*

Where a person, who refuses to answer a question put to him in an action instituted in a Justice's Court for a violation of the game laws, is committed for contempt of court and is subsequently produced by the sheriff upon the return to a writ of habeas corpus, the court has power to inquire into the validity of the proceeding in which the relator was so committed, and, if the information upon which the magistrate acted was insufficient to confer jurisdiction, the relator is entitled to an immediate discharge.

The provisions of section 2034 of the Code of Civil Procedure, that a court or judge shall not upon the return of a writ inquire into the legality or justice of any mandate, judgment, decree or final order, applies only to courts of record.

Appeal by George D. Forsyth, district attorney of the county of Monroe, in the name of the People of the State of New York, from an order of the special county judge of Monroe county, entered in the office of the clerk of the county of Monroe on the 28th day of June, 1895, discharging the relator from the custody of the sheriff of the county of Monroe.

On or about the 31st day of May, 1895, one Edward I. Brooks made complaint before Edwin C. Smith, a justice of the peace in

and for the town of Brighton, Monroe county, that the game laws of the State had been violated within the county by divers persons to him unknown, and asked that subpœnas be issued for certain persons named in the information sworn to by him. The relator was not one of the persons so named. The justice thereupon issued subpœnas to various persons, one of which was served upon the relator, and, pursuant thereto, he duly appeared before the justice on the 4th day of June, 1895. After being sworn as a witness in a " criminal action prosecuted by the People of the State of New York against John Doe and· others," the relator was asked the following question : " Have you, within the last two years, seen any person using any gill net, or any illegal device, for the purpose of taking fish in Irondequoit bay or creek, other than yourself ? " The witness declined, under the advice of counsel, to answer the question, upon the ground that his answer might tend to incriminate him ; whereupon the justice directed the witness to answer the question, and, upon his refusal so to do, adjudged him guilty of a criminal contempt, and on the 5th day of June, 1895, sentenced him to imprisonment in the jail of Monroe county for the term of thirty days. On the following day a writ of habeas corpus was issued by the special county judge of Monroe county, directed to the sheriff of Monroe county, requiring him to produce the relator in court; and after hearing counsel for the relator and the People, an order was made discharging the relator from imprisonment.

*Howard H. Widener, Assistant District Attorney,* for the appellant.

*Werner & Harris,* for the respondent.

Adams, J. :

Section 619 of the Code of Criminal Procedure makes a refusal to testify a criminal contempt, the punishment for which is provided by section 852 *et seq.* of the Code of Civil Procedure. It is likewise provided by section 2034 of the Code of Civil Procedure that upon a return to a writ of habeas corpus the judge or court shall not inquire into the legality of any mandate, judgment, decree or final order; but subdivision 2 of section 2032 expressly excepts from the operation of the former section an order to punish for contempt, and the criminal contempt defined in section 8, and referred

to in subdivision 3 of section 2032, relates only to courts of record. The judge was, therefore, at liberty to inquire into the validity of the proceeding before the magistrate in which the relator was committed, and a careful examination of the record shows very clearly that the information upon which the justice acted was wholly insufficient to confer jurisdiction upon him, and that consequently he was without authority either to subpœna the relator or compel him to testify, or to commit him for contempt. This feature of the case is commented upon so fully by the learned judge who granted the order as to leave no opportunity for this court to add anything thereto.

The order appealed from should be affirmed, with ten dollars costs and disbursements.