(35 Misc. Rep. 191.)

## PEOPLE v. NEIDHART.

### SAME v. WALSH.

(Court of General Sessions, New York County. May, 1901.)

GRAND JURY—RESUBMISSION OF CHARGES.
> The power given by Code Cr. Proc. § 270, to the court to permit charges which have been dismissed by the grand jury to be again submitted to another grand jury, will not be exercised on the affidavit of the district attorney that he is of the opinion that the grand jury misunderstood the law, and that if the charges are resubmitted an indictment may be found, without giving any facts on which such opinion is based.

Applications by the people for leave to resubmit charges against Charles Neidhart and John Walsh to the grand jury. Applications denied.

Eugene A. Philbin, Dist. Atty., for the People.

FOSTER, J. These are applications by the district attorney for leave to resubmit the charges against these defendants to the grand jury. These charges have been passed upon by the February grand

jury, which, after due hearing, dismissed them. While the court has power to permit the charges to be again submitted to the grand jury (Code Cr. Proc. § 270), such power should be sparingly and discriminatingly used. It is a practice that ought not to be encouraged, nor granted pro forma. The court should act judicially, and permit such resubmission only when facts are presented which justify such action. No such facts are shown in these two applications. From these applications (and they are substantially similar) only the following, in substance, appears: That the charges referred to were duly submitted to the grand jury, and by them duly dismissed; that deponent does not agree with the grand jury; that deponent is of the opinion that the grand jury misunderstood the law, and, if the charge is again submitted, an "indictment may be found." What are the facts which justify these opinions and beliefs? None of such facts are set forth in the affidavit or application. The application, therefore, does not appeal to judicial discretion, and cannot be granted.

So far as appears, the evidence against these defendants was fully brought to the attention of the grand jury, who may, in a manner, be said to represent the "common sense" or consensus of opinion of the entire community. If the facts so proven against these defendants did not appear to them of sufficient importance to justify any prosecution, there and then should be the end of the matter. Such I understand to be the policy and meaning of our law, and the raison d'etre of the grand jury. To permit the district attorney, because he does not agree with the grand jury, and seemingly for no other reason, to continue resubmitting complaints to other grand juries until one can be found to agree with him, is to place in his hands a power of persecution that I am unwilling to sanction, and which, I am quite sure, he does not desire. The verdict or decision of the grand jury is justly entitled to great weight, and should not be lightly brushed aside or ignored.

It may also be observed that the granting of such applications as of course minimizes the importance of the grand jury, and tends to encourage in them a careless and superficial examination of the matters submitted to them. "Interest reipublicæ ut sit finis litium" is as true in the administration of the criminal law as it is in equity. Applications denied.