## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### March 10, 1922.

## MATTER OF JOHN BOTH ET AL. FOR RETURN OF CERTAIN BOOKS, PAPERS, CHECK BOOKS, AND MEMORANDA.

### (200 App. Div. 423.)

(1) SUPREME COURT HAS INHERENT POWER TO ORDER RETURN OF BOOKS, ETC., ILLEGALLY SEIZED OR DETAINED BY PERSONS CHARGED WITH ADMINISTRATION OF CRIMINAL LAW.

The Supreme Court has inherent power to order the return to the owner of books, papers or other articles illegally seized or detained by a magistrate or other public officer charged with the administration of the criminal law.

(2) SAME—APPELLATE DIVISION THE PROPER COURT TO ENTERTAIN PROCEEDING TO OBTAIN RETURN OF BOOKS, ETC., FROM JUSTICE OF SUPREME COURT.

Where the petition for the return of books is filed against a justice of the Supreme Court, although acting as a magistrate, the Appellate Division is the proper court to entertain the proceeding, and while the Legislature has no power to curtail the constitutional power of this court, the power exercised in this case is recognized by sections 66 and 132 of the Civil Practice Act.

(3) SAME—IF PERSON CHARGED WITH CRIME IS KNOWN, PROCEEDING UNDER NAME OF "JOHN DOE" INSUFFICIENT.

An information laid before a justice of the Supreme Court sitting as a magistrate, which does not charge a designated person with a specified crime, is insufficient to give jurisdiction and to authorize the issuance of a subpoena to compel the production of books before the court. Books seized under a subpoena so issued are seized without warrant of law and in violation of section 8 of the Civil Rights Law.

(4) SAME.

In the present proceeding it appeared that the petitioners, whose books were seized on a subpoena issued in a so-called John Doe proceeding, were the ones against whom the proceeding was directed and that being the case, the whole proceeding is void.

(5) SAME—SUPREME COURT JUSTICE HOLDING TERM WITH GRAND JURY, HAS NO POWER TO HOLD A JOHN DOE PROCEEDING TO SECURE EVIDENCE TO SEND TO GRAND JURY.

A justice of the Supreme Court, holding a term at which a grand jury is present, has no power to hold an inquisition, which he calls a John Doe proceeding, to secure evidence to send to the grand jury, for to the grand jury, and to it alone, is given the power of investigation without a definite charge.

(6) SAME—PERMISSION TO APPEAL TO COURT OF APPEALS GRANTED—STAY DENIED.

Permission is given to the respondent to appeal to the Court of Appeals, but a stay of the proceedings pending appeal is denied, for failure on the part of the respondent to furnish the Appellate Division with a copy of the information, three times requested, upon which the subpoena for the production of the books in question was issued.

APPLICATION by the Hon. Selah B. Strong, a justice of the Supreme Court, for leave to appeal to the Court of Appeals from the order of this court entered February 21, 1922, and for a stay of execution of the order pending such appeal (200 App. Div. ——).

No opinion was written by this court upon granting the order; but in view of the application to appeal to the Court of Appeals, we think that we should set forth the grounds and the reasons upon which we acted. The order directed the Hon. Selah B. Strong, a justice of this court, sitting as a magistrate,

to return to the petitioners " all books, papers, writings and memoranda and other property of every nature and description, the property of John Both and Andrew Weston, now in the possession of or under the control of the said Hon. Selah B. Strong, taken from the said John Both and Andrew Weston on the 29th day of December, 1921, or any copies or reproductions thereof," except certain designated books in the possession of the district attorney of Nassau county and before the grand jury.

*Jackson A. Dykman,* for the motion.

*William J. Morris,* opposed.

BLACKMAR, P. J.:

The court has inherent power to order the return to the owner of books, papers or other articles illegally seized or detained by a magistrate or other public officer charged with the administration of the criminal law. (People v. Kinney, 185 N. Y. Supp. 645; United States v. Mills, 185 Fed. Rep. 318; United States v. Kraus, 270 id. 578; Weeks v. United States, 232 U. S. 383, 398; Newberry v. Carpenter, 107 Mich. 567.) As, in this case, the petition is filed against a justice of the Supreme Court, although acting as magistrate, we do not doubt that the Appellate Division is the proper court to entertain the proceeding. (Matter of Barkley, 42 App. Div. 597, 609; Campbell v. Friedlander, 51 id. 191.) Although the Legislature has no power to curtail the constitutional power of this court, yet the power exercised in this case is recognized in sections 66 and 132 of the Civil Practice Act.

The Hon. Selah B. Strong, a justice of the Supreme Court, was holding, pursuant to assignment thereto by the Appellate Division, a Trial Term in the county of Nassau, at which a grand jury was in attendance. On the 29th of December, 1921, subpoenas were served on the petitioners, Both and Weston,

commanding them to appear on that day before the justice, sitting as a magistrate, as witnesses in a criminal proceeding prosecuted by the People against John Doe.    The subpoena served upon Both required him to produce certain books, papers, writings, checks, vouchers, time sheets, proposals and day books, dealing with or affecting contracts, work, labor or services on public contracts or public works between the 1st day of January, 1917, and December 15, 1921.    The subpoenas were served by two State troopers.    The books and papers were loaded into an automobile and the petitioners carried them to the court house, the troopers going in another vehicle.    The justice, sitting as magistrate, having warned the petitioners of their right to refuse to answer any questions that would tend to incriminate them, presented to them written waivers of immunity, which they signed, and they were examined under oath.

The justice, in the affidavit read in opposition to the motion, deposes that on December 23, 1921, an information was laid before him, as committing magistrate, charging John Doe, Richard Roe and others with violating section 1872 of the Penal Law.    That section makes it a felony to knowingly, with intent to defraud, present for audit, allowance or payment to any officer or board of the State or any political division thereof, authorized to audit, allow or pay bills, any false or fraudulent claim or bill.    The justice further deposes that the petitioners voluntarily testified before him and identified the books and accounts " until it became apparent that the petitioners herein had presented a false claim to the County of Nassau and collected the face amount thereof."    Up to this time the district attorney took no part in the inquisition except that he drew and handed to the magistrate written forms of waiver of immunity.

It appears that the justice, having continued the December term, on or about January 23, 1922, requested the district attorney to convene the grand jury, which had not been discharged, and a Mr. Vandewater, who had been assisting in the

investigation in some capacity undisclosed, turned over to the district attorney certain books of the petitioners, which he used in the presentation to the grand jury of the case entitled People v. John Doe, but which, according to the affidavit of the district attorney, " in fact was a charge against Both & Weston of presenting a fraudulent claim for audit to the County of Nassau."

It is not necessary to go into detail in the proceeding further. It is enough to say that the grand jury failed to indict; that the magistrate, acting as a Supreme Court justice, called the grand jury before him, and told them that there were facts brought out before him as a magistrate which in his judgment were sufficient to warrant indictment, and that, on February 1st, the justice entered an order that the matter be resubmitted to the grand jury for further consideration and action.    So far as we are informed by papers before us, the matter rests in this condition.

We think the subpoenas were issued without jurisdiction and that the private books of the petitioners were seized without warrant of law and in violation of section 8 of article 2 of the Civil Rights Law.

The magistrate deposed that there was an information laid before him charging John Doe, Richard Roe and others with a crime.    Although we have three times suggested that the information should be exhibited to us, we have not seen it.    Without a sufficient information the magistrate had no jurisdiction.    An information is not sufficient unless it charges a designated person with a specified crime.    (Code Crim. Proc., § 145; People ex rel. Livingston v. Wyatt, 186 N. Y. 383.)    If the name or identity of the person charged is known, an information concealing his identity under the name of John Doe or Richard Roe, is insufficient to confer jurisdiction.    Whether a person is haled before a magistrate by a subpoena or warrant, whether his property is seized under a *subpoena duces tecum* or a search warrant, is unimportant.    If he is really the one charged, he is

entitled to the protection of the forms of law. He must be informed of the charge against him, of his right to counsel (Code Crim. Proc., § 188), and be given time to send for counsel (Id., § 189). The examination must be completed in one session unless adjourned for good cause, and then only for two days at a time, unless by consent or on motion of the defendant (Id., § 191). The magistrate must at the conclusion of the examination either discharge the accused or hold him for the grand jury (Id., §§ 207, 208).

The only conclusion that can be drawn from all the facts, especially from those deposed to by the magistrate, is that the information was aimed at the petitioners under the names of John Doe and Richard Roe. If so, the whole proceeding is void.

The justice of the Supreme Court, holding a term at which a grand jury was present, held an inquisition, which he calls a John Doe proceeding, to secure evidence to send to the grand jury. No such power of inquisition is given to a magistrate. To the grand jury, and to it alone, is given the power of investigation without a definite charge. The secrecy of the grand jury prevents injury to reputations from roving investigations, and no indictment may be found except on evidence which, unexplained or uncontradicted, is sufficient to warrant a warrant a conviction by a trial jury. (Code Crim. Proc., § 258.)

Our order required the return of those books and papers not before the grand jury. If, however, the respondent wishes to appeal to the Court of Appeals, he has our permission.

We, however, deny the motion for a stay of proceedings pending the appeal. This application is addressed to our discretion. Three times during the progress of the hearings before this court, *first,* when the order to show cause was returnable; *second,* upon the hearing on the adjourned date, and *third,* upon the motion made for a stay, the court suggested the propriety of the respondent's furnishing a copy of the information; but this has not been done. Our opinion is that without com-

pliance with this suggestion of the court, we should not exercise our discretion in staying the proceedings under the order.

The motion for leave to appeal to the Court of Appeals should be granted; motion for a stay denied.

KELLY, JAYCOX, MANNING and YOUNG, JJ., concur.

Motion for leave to appeal to the Court of Appeals granted. Motion for stay denied.