Argued at Pendleton May 2, reversed and remanded June 20, 1922.

## STATE *v.* TURNER.

(207 Pac. 602.)

**Indictment and Information—Criminal Charge After Dismissal Following Returned Indictment Indorsed, "Not a True Bill," cannot be Reconsidered Without Consent of Court.**

1. Under express provisions of Sections 1432, 1433, Or. L., after a criminal charge has been dismissed following the return of an indictment indorsed, "Not a true bill," its revival or subsequent investigation is in the exclusive control of the court, and consent of the court is a condition precedent to the authority of the same or subsequent grand jury to inquire of the charge.

From Wallowa: J. W. KNOWLES, Judge.

In Banc.

REVERSED AND REMANDED.

For appellant there was a brief and oral argument by *Mr. J. A. Burleigh.*

For respondent there was a brief over the name of *Mr. W. S. Burleigh,* District Attorney, with an oral argument by *Mr. Arthur W. Schaupp.*

McCOURT, J.—The defendant was charged by an indictment with the crime of assault with intent to

kill, committed in Wallowa County on the twenty-second day of September, 1920, by pointing a loaded pistol towards, and shooting at, one Crawford Hunter. A trial was had, resulting in a verdict and judgment of conviction. Defendant appeals.

The criminal charge in the indictment upon which defendant was tried was made the basis of an information filed with the justice of the peace for Enterprise District, Wallowa County, Oregon, shortly after September 22, 1920; defendant was held to answer upon the charge in the information. Thereafter the grand jury for the county of Wallowa, then in session at the regular November term of the Circuit Court for that county, investigated and inquired of the criminal charge against the defendant, and on the ninth day of November, 1920, returned to the Circuit Court an indictment indorsed, "Not a True Bill," which was by order of the court duly placed on file by the clerk of said court, and the court thereupon made an order exonerating the bond of the defendant and discharged him from custody; the grand jury at the May term of the Circuit Court of the State of Oregon for Wallowa County, without any order of the court resubmitting the above-mentioned criminal charge to them, investigated and inquired of said charge, and on May 13, 1921, found and returned to the Circuit Court the indictment indorsed, "A True Bill," upon which defendant was tried, and containing the criminal charge against the defendant, upon which, as above stated, an indictment indorsed, "Not a True Bill," was returned by the grand jury at the previous term of that court held in November, 1920.

The defendant seasonably interposed a motion to quash the indictment upon the grounds that the court had not made any order resubmitting the criminal

charge against the defendant to the grand jury or authorizing them to inquire of said criminal charge, and that without such an order, the grand jury was without authority to inquire of the same. The court overruled defendant's motion, which action of the court presents the only question upon this appeal.

The decision of that question is controlled by statute in this state.

"When a person has been held to answer a criminal charge, and the indictment in relation thereto is not found 'a true bill,' as provided in Section 1428, it must be indorsed 'not a true bill,' which indorsement must be signed by the foreman, and presented to the court and filed with the clerk, and remain a public record." Or. L., § 1432.

"When an indictment, indorsed 'not a true bill,' has been presented in court and filed, the effect thereof is to dismiss the charge; and the same cannot be again submitted to or inquired of by the grand jury, unless the court so order." Or. L., § 1433.

The rule at common law, and the one that prevails in most of the states, is that when a person is held to answer upon a criminal charge, the return by the grand jury of an indictment upon such charge indorsed, "Not a True Bill," does not deprive the same or a subsequent grand jury of authority or power to inquire of and return a true bill of indictment upon the same criminal charge: 22 Cyc. 208; 2 Wharton's Criminal Procedure (10 ed.), § 1376; Joyce on Indictments, sec. 120; 1 Bishop's New Criminal Procedure (4 ed.), § 870; *United States* v. *Martin,* 50 Fed. 918. But in those jurisdictions the prosecuting attorney cannot, if "Not a true bill" of indictment has been returned, submit to the grand jury another indictment for the same offense, without leave of the court, which leave is granted sparingly and only upon an adequate showing that the bill was ignored

in consequence of oversight, mistake or fraud, or that grave emergency or urgent public need require that the charge be recommitted to the grand jury: 22 Cyc. 208; *Commonwealth* v. *Allen,* 14 Pa. C. C. Rep. 546; *Commonwealth* v. *Priestly,* 10 Pa. Dist. Rep. 217; *Commonwealth* v. *Andruchek,* 26 Pa. Dist. Rep. 923; *Commonwealth* v. *Snyder,* 13 Pa. Dist. Rep. 27; *People* v. *Neidhart,* 35 Misc. Rep. 191 (71 N. Y. Supp. 591).

"If a man be committed for a crime, and a bill preferred against him is ignored by the grand jury, he is still liable to be indicted for the same offense on new evidence, or even on the same evidence, though the sending up a second bill after an ignoramus, is an extreme act of prerogative, subject to the revision of the court." 2 Wharton's Criminal Procedure (10 ed.), § 1376.

In another section the same author states:

"In England, if the grand jury at the assizes or sessions has ignored a bill, they cannot find another bill against the same person for the same offense at the same assizes; and if such other bill is sent them, it has been said that they should take no notice of it. But the better view is that a bill may be sent up if the emergency require, after an ignoramus, at the discretion of the court." Section 1301.

The substance of the rule above stated has been adopted by statute in New York, Iowa, Kentucky, Arkansas, Nevada and perhaps other states.

In a case in New York arising under such a statute the court said:

"While the court has power to permit the charges to be again submitted to the grand jury, such power should be sparingly and discriminatingly used. It is a practice that ought not to be encouraged, nor granted *pro forma.* The court should act judicially, and permit such resubmission only when facts are

presented which justify such action.'' *People* v. *Neidhart,* 35 Misc. Rep. 191 (71 N. Y. Supp. 591).

In Iowa the statutory provision is as follows:

''Such dismissal of the charge does not prevent the same from being again submitted to the grand jury, as often as the court may direct; but without such direction it cannot again be submitted.'' Section 4290, Laws of Iowa.

The Supreme Court of that state, discussing that statute, said:

''But the power of the grand jury in the premises is not dependent upon the order or direction of the court; its powers and duties are prescribed by other provisions of statute. * * The general nature of the powers and duties imposed upon the grand jury by these provisions is in no manner qualified or limited by Section 4290.'' *State* v. *Collis,* 73 Iowa, 542 (35 N. W. 625).

Originally the common-law rule which denied the right to resubmit to the grand jury, without leave of the court, a criminal charge which had been ignored by the grand jury, apparently extended that restriction only to the grand jury that ignored the bill and recognized the right of a subsequent grand jury to inquire of the same criminal charge without the formality of an order of court: 4 Bl. Com. 305; *State* v. *Brown,* 81 N. C. 568; 2 Wharton's Criminal Procedure (10 ed.), § 1301.

The rule in question and the statutes declaratory thereof in other states do not in express terms purport to deprive the grand jury of authority to inquire of a charge upon which ''Not a True Bill'' of indictment has been found and the defendant dismissed. But the restrictions of the rule are directed against the prosecuting attorney, whose duty it is to submit matters to the grand jury and clothe the court with

authority to quash an indictment returned in violation of the rule.

Neither the common-law rule nor any of the statutes mentioned are as broad as the Oregon statute. In that enactment, not only is resubmission of the charge to the grand jury prohibited without an order of the court, but the authority of the grand jury to inquire of such a criminal charge is denied in the absence of an order by the court resubmitting the charge and authorizing the grand jury to inquire of the same. In that feature our statute differs from the common-law rule and from the statutes of other states, to which our attention has been directed, and takes from the grand jury the power which it otherwise has, to exercise its authority in respect to the charge. The effect of the provision last mentioned is to deprive the grand jury of all authority and power to inquire of and return an indictment upon a criminal charge upon which an indictment indorsed, "Not a true bill," has been returned, unless authorized so to do by an order of the court.

The attorney for the state contends, however, that the restrictions created by the statute apply only to the grand jury which returned the indictment indorsed, "Not a true bill," and that the succeeding grand jury was free to act in respect to the charge as though the statute had not been passed.

1. The evident design of the provision was to make effectual the direction of the statute, that "when an indictment, indorsed 'not a true bill,' has been presented in court and filed, the effect thereof is to dismiss the charge," and to prevent the revival of the charge and its subsequent investigation by a grand jury, unless authorized by an order of the court made upon a showing that adequate reason exists, requiring that the charge be reconsidered in the interest of

justice.   That design and purpose would not be accomplished if the express restriction of the statute applied only to the grand jury which returned an indictment indorsed, "Not a true bill," and subsequent grand juries were at liberty to examine the same charge.   .

After a criminal charge has been dismissed following the return of an indictment indorsed, "Not a true bill," the statute places its revival or subsequent investigation in the exclusive control of the court, and the consent of the court is a condition precedent to the authority of the same or a subsequent grand jury to inquire of the charge.

The motion to quash should have been allowed, and it follows that the judgment of the Circuit Court is reversed and the cause remanded, with directions to grant the motion and discharge the defendant.

REVERSED AND REMANDED.