In the Matter of JOHN A. GAFFNEY, as Superintendent of State Police of the State of New York, Appellant, against EDWARD S. KAMPF, Justice of Police Court of the City of Albany, Respondent.

Third Department, November 15, 1944.

*Nathaniel L. Goldstein, Attorney-General; Stanley H. Fuld, Special Assistant Attorney-General; George P. Monaghan, Deputy Attorney-General,* in Charge, Albany Investigation (*Harris B. Steinberg, Herbert Stern, Deputy Attorneys-General,* of counsel), for appellant.

*James J. McGuiness, Corporation Counsel (Ralph S. Leonard, Assistant Corporation Counsel,* of counsel), for respondent.

HILL, P. J. The respondent, Justice of Police Court of the City of Albany, N. Y., and a Magistrate (Code Crim. Pro., § 147) issued a subpœna duces tecum directed to the Superintendent of the New York State Police, commanding him to appear before the Magistrate " in a criminal action prosecuted by The People of the State of New York against John Doe, Richard Doe, John Roe, Richard Roe, Thomas Doe and Thomas Roe " and to bring with him books, records, time sheets, etc., concerning the assignments of certain members of the State Constabulary. The Rensselaer Special Term (MURRAY, J.) denied a motion to vacate and quash the subpœna and an appeal is taken from that order. In the proceedings in Special Term the Magistrate presented and filed an affidavit in which he recites that he has issued warrants " based upon a duly executed information," and further that he was informed by " Sonny " Jones that the police of the city of Albany could not find the defendants named in the warrant issued upon the information of Jones, and that the subpœna was issued in aid of the execution of the warrant, the Magistrate stating, " your deponent issued the above mentioned subpœna so that the complainant might be afforded an

opportunity to identify the persons whom he alleges to have assaulted him." The information laid before the Magistrate charges that six unknown persons conspired, in violation of subdivision 1 of section 580 of the Penal Law of the State of New York, " to strike, beat, choke, kick and hold parts of his [Jones'] body out of the window on the 29th floor of the State Office Building in the City and County of Albany, causing bodily injuries  *  *  * ". Other portions of the information state that the unknown defendants struck Jones with their hands and fists and kicked him with their feet, and " did choke him with their hands, and did pick the deponent up and hold him out the window head first ". The warrant was issued without support other than the document designated " information " above partially quoted.

" The information is the allegation made to a magistrate, that a person has been guilty of some designated crime ". (Code Crim. Pro., § 145.) " When an information is laid before a magistrate, of the commission of a crime, he must examine on oath the informant or prosecutor, and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them ". (Code Crim. Pro., § 148.) " The depositions must set forth the facts stated by the prosecutor and his witnesses, tending to establish the commission of the crime and the guilt of the defendant ". (Code Crim. Pro., § 149.) " If the magistrate be satisfied from such depositions that the crime complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it  *  *  *  he must issue a warrant of arrest ". (Code Crim. Pro., § 150.) Respondent issued the warrant against fictitious persons in no way identified, then sought to supply omitted facts from the Superintendent and his records, he says, to aid the police.

The information filed with the respondent conferred no jurisdiction upon him and he was without authority to subpœna the petitioner or to compel him to testify if he voluntarily attended. (*People ex rel. Laird* v. *Hannah*, 92 Hun 476.)

*Matter of Both* (200 App. Div. 423) also involved a political controversy. A Justice of the Supreme Court (STRONG) sitting as a Magistrate, issued a subpœna duces tecum requiring the petitioners to produce books, papers, writings, vouchers and contracts in connection with certain public work performed. The decision directed that the books and papers be returned to the owners, the opinion stating, " No such power of inquisition is given to a magistrate. To the grand jury, and to it alone, is given the power of investigation without a definite charge."

The decision granted leave to appeal to the Court of Appeals, but there is no record of a hearing in the latter court. *People ex rel. Travis* v. *Knott* (204 App. Div. 379) likewise involved political activities. The relator was Comptroller of the State, and had charge of the sale of certain bonds, and it was stated upon information and belief that some of the proceeds were paid out on false and fraudulent claims. The subpœna duces tecum attempted to ascertain such information and to show that there was a relation between the State funds claimed upon information and belief to have been lost, and the personal financial activities of the relator, the Comptroller of the State. The opinion states (p. 383): "The grand jury can investigate to discover whether a crime has been committed and what person committed it, without any formal presentation to it. It can act on rumor or suspicion. The magistrate [KERNOCHAN, Chief Justice of the Court of Special Sessions of the City of New York] can only act on the presentation of a sworn information stating that a person has been guilty of some designated crime. The fact that the informant is a deputy assistant district attorney [PECORA] does not make the information an official act, nor dispense with the requirements as to definiteness of allegation." These cases have been cited with approval.

The leading case is *People ex rel. Livingston* v. *Wyatt* (186 N. Y. 383). The opinion contains these statements: "The deposition must set forth facts tending to show that a crime has been committed and that there is reasonable ground to believe that the defendant committed it. * * * The information should fairly warrant the inference by the magistrate that in good faith and on reasonable grounds the complainant believes that a definite crime has been committed by a designated person."

The information should be filed, witnesses in support thereof should be examined and the depositions containing the facts filed in advance of the issuance of the warrant. No case has been called to our attention which supports in the slightest degree the procedure adopted here, namely, to conduct a John Doe fishing expedition to aid the police in apprehending John Doe and his fictitious associates. The respondent acted without a semblance of authority, and the subpœna should be quashed. The order of the Rensselaer Special Term should be reversed.

HEFFERNAN, J. (concurring in result). I am convinced that the order appealed from must be reversed as a matter of law and that the subpœna duces tecum must be vacated.

In my opinion the respondent has no authority to issue process in aid of the execution of the warrant. Having issued his war-

rant for the arrest of the alleged culprits, designated by fictitious names, his power to conduct a further inquiry in order to ascertain their correct names was exhausted. The warrant which was issued could not be executed because it contained no information from which a peace officer could identify the persons to be apprehended.

I am also of the opinion that the information filed with respondent by Jones was insufficient to confer jurisdiction. I do not agree with the contention of appellant that the complainant was required in the information to designate by name his assailants, providing their names were unknown to him. In that event the requirements of the statute would be satisfied by an allegation that the names were unknown to him together with a description of them sufficient for identification or, in the alternative, a statement of the name or names of persons who could identify them. The Magistrate would then have authority to issue subpœnas for the persons alleged to possess information as to the identity of the guilty ones and take their depositions as provided by section 148 of the Code of Criminal Procedure.

The other grounds upon which appellant relies to vacate the subpœna are, in my opinion, without merit.

Buss, J. (dissenting). This information charges that the crime of conspiracy was committed by John Doe and others thus fictitiously named. The Police Court of the City of Albany has in the first instance exclusive jurisdiction of this crime. (Second Class Cities Law, § 183.) The information states that the names are fictitious and are "to be identified as defendants." Section 145 of the Code of Criminal Procedure requires that the information show only that "a person" has been guilty of some designated crime. The warrant, if one is issued, may designate the defendant "by any name" if his true name is unknown to the Magistrate (Code Crim. Pro., § 152). Nowhere is there any statutory requirement that either the information or warrant must describe a defendant in any particular manner. Often, as in this case, this is impossible and can be done only after the depositions of witnesses are taken. I believe this information is sufficient under the statute to give the court jurisdiction to start the inquiry by issuing subpœnas for witnesses.

I therefore dissent.

Brewster, J., concurs with Hill, P. J.; Heffernan, J., concurs in the result, in a separate memorandum in which Foster, J., concurs; Bliss, J., dissents in a memorandum.

Order reversed on the law and facts and subpœna duces tecum quashed.