Mario Pittoni, J.
This is a proceeding in the nature of mandamus under article 78 of the Civil Practice Act. Petitioner seeks to compel the return to him by the respondents District Attorney and Police Commissioner of certain of his papers and other personal property taken from his home, unlawfully, as he alleges, by two police officers in connection with his arrest on a charge of a felony. As to this, an information was laid against him in the District Court, and upon it petitioner apparently was held to await action of the Grand Jury.
Petitioner does not claim that any criminal action is pending against him in this court. The District Attorney moves to dismiss the petition as indicating on its face a lack of jurisdiction in this court to entertain it. The petitioner’s version of the facts surrounding the admitted seizure is challenged and the suggestion is made that the search resulting in such seizure was with his consent. No Grand Jury is presently empaneled or serving in the Supreme Court.
The relief sought by the petitioner is not available by a proceeding under article 78 in the nature of mandamus. The obliga *182 tion, if any, to return property or papers illegally seized is not a duty specifically enjoined by law or of the sort traditionally enforcible in a mandamus proceeding. Every such controversy involves the exercise by the public officer of discretion under the circumstances. The appropriate proceeding is a motion to compel return of the property and to suppress its use as evidence in the pending criminal action, and is to be made in such action in the court where it is pending (People v. Loria, 10 N Y 2d 368).
The court has considered Matter of Silfa v. Kennedy (5 Misc 2d 375, affid. 3 A D 2d 818, affd. 3 N Y 2d 734) wherein the Supreme Court, New York County in a proceeding under article 78, ordered the return to the petitioner of property illegally seized, but refused to order its suppression as evidence. The District Attorney and the Police Commissioner did not appeal from the order for the return of the property, apparently convinced that the seizure was unauthorized. The petitioner, however, appealed from the order insofar as it refused to suppress the use of the property as evidence, and this order was affirmed.
There is no other authority for the use of mandamus to secure the return of property illegally seized, and this court is not persuaded of the soundness of the reasoning in the Silfa case. Furthermore, so far as the opinion shows, there was no attempt to justify the seizure.
Matter of Both (200 App. Div. 423) and the cases cited therein are not authority for petitioner’s position. Matter of Both involved the power of the Supreme Court and the Appellate Division, summarily to order the return of records illegally seized by a Justice of the Supreme Court. The cases cited in the Both case are either Federal cases, where the court exercised the now familiar power to compel the return of property illegally seized in connction with criminal prosecutions pending in the court (United States v. Mills, 185 F. 318; United States v. Kraus, 270 F. 578; Weeks v. United States, 232 U. S. 383), criminal cases where motions were made in the cases in the courts where the criminal actions were pending (People v. Kinney, 185 N. Y. S. 645), or cases where appellate courts, in reversing orders illegally made by inferior courts impounding or seizing property, ordered its return (Newberry v. Carpenter, 107 Mich. 567).
Pending the enactment of legislation to meet more expressly the situation created by the decision of the United States Supreme Court in Mapp v. Ohio (367 U. S. 643), the New York Court of Appeals, in People v. Loria (supra), has indicated the *183 proper method for protecting the individual’s rights, and there is no need for any extension of this court’s action into a field beyond the traditional bounds of mandamus proceedings. The petition is accordingly dismissed.