# STATE OF OREGON,
*Respondent,*

*v.*

# JESSE FERNANDO GONZALES,
*Appellant.*

## (No. DA 188328-7912, CA A20126)

641 P2d 42

David L. Slader, Portland, argued the cause and filed the brief for appellant.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

Affirmed.

VAN HOOMISSEN, J., concurring opinion.

## RICHARDSON, P. J.

■ The issue in this case is whether a prosecution for a misdemeanor in district court is barred after a felony charge based on the same incident has been submitted to and a "not true bill" returned by the grand jury. Defendant's motion to dismiss the misdemeanor complaint was denied. We affirm.

Defendant was arrested and charged with rape in the first degree by a district attorney's information filed in the district court. Prior to the scheduled preliminary hearing, the district attorney submitted the charge to the grand jury, which found a "not true bill," and the charge was dismissed pursuant to ORS 132.430(2). The district attorney then filed a complaint in district court charging defendant with two misdemeanors: sexual abuse in the second degree and assault in the fourth degree. It was stipulated that the two misdemeanors arose out of the same incident upon which the original rape charge was based. Defendant moved, pretrial, to dismiss the complaint on statutory and constitutional grounds. Following denial of the motion, defendant was convicted of sexual abuse in the second degree and attempted assault in the fourth degree.

Defendant's statutory contention is based on ORS 132.430:

"(1)  When a person has been held to answer a criminal charge and the indictment in relation thereto is not found 'a true bill,' it must be indorsed 'not a true bill,' which indorsement must be signed by the foreman and filed with the clerk of the court, in whose office it shall remain a public record. In the case of an indictment not found 'a true bill' against a person not so held, the same, together with the minutes of the evidence in relation thereto, must be destroyed by the grand jury.

"(2)  When an indictment indorsed 'not a true bill' has been filed with the clerk of the court, the effect thereof is to dismiss the charge; and the same cannot be again submitted to or inquired of by the grand jury unless the court so orders."

He argues that when a grand jury finds a "not true bill," it constitutes a rejection of all possible offenses that could arise from the same incident. He contends that under ORS

132.430(2) the district attorney is prevented from subsequently charging any of those possible offenses without authority of the court. However, that statute controls only the right of the district attorney to resubmit to the grand jury a charge for which defendant is held to answer after the grand jury has returned a "not true bill" on that charge. It does not control the right of a district attorney to bring misdemeanor charges by other statutory routes.

■■ Defendant next argues that charging him with the misdemeanors in district court violates the Fourteenth Amendment to the United States Constitution, because the procedure denies him the equal protection of the law. He contends that he is being treated differently than other persons who have been held to answer a charge on which the grand jury has returned a "not true bill," who could not be indicted on a charge after a "not true bill" without an order of the court allowing resubmission of the charge to the grand jury. As we said in *State v. Jones,* 30 Or App 873, 569 P2d 19, *rev den* 280 Or 683 (1977), there is a rational basis for treating prosecution of misdemeanors differently than prosecution of felonies. An accused can be prosecuted for a misdemeanor in circuit court without indictment, waiver of indictment or preliminary hearing. Thus, despite action by a grand jury, a misdemeanor prosecution can be commenced by a complaint or district attorney's information. In *Jones,* we held the defendant was not denied equal protection of the law when he was prosecuted for a misdemeanor in circuit court, even though the prosecution was initiated differently from that required for a felony prosecution. Although a grand jury may return an indictment for a misdemeanor, indictment is not necessary for misdemeanor prosecution. In this instance, defendant is treated no differently than other persons accused of a misdemeanor.

■ ■ Defendant finally argues that the fundamental fairness aspect of the Due Process Clause of the Fourteenth Amendment requires dismissal. This argument is based on defendant's stated premise that the grand jury is an investigative tool of the prosecutor and can indict for a felony or misdemeanor. Defendant argues: "A process which would allow the prosecutor to take advantage of the grand jury's awesome powers to investigate without his being bound by

the grand jury's opinion that the investigation is without merit, is simply offensive to notions of fair play." The district attorney, as part of the executive branch of government, has authority to bring a misdemeanor charge independently of action by the grand jury, which is part of the judicial branch. The prosecutor exercises his discretion consistent with the ethical and legal requirements of his office and his status as an officer of the court. The final determinant of the validity of his action is the requirement that the charge be proved beyond a reasonable doubt to the satisfaction of a court or jury. The procedure utilized in prosecuting defendant on the misdemeanor charges does not offend due process.

Affirmed.

**VAN HOOMISSEN, J.,** concurring.

ORS 132.430(2) provides:

"When an indictment indorsed 'not a true bill' has been filed with the clerk of the court, the effect thereof is to dismiss the charge; and the same cannot be again submitted to or inquired of by the grand jury unless the court so orders."

*See State v. Turner,* 104 Or 334, 207 P 602 (1922).

The issue here is whether the prosecutor may charge a person in district court by misdemeanor complaint after the grand jury has returned a "not true bill" on a felony charge for the same conduct and based on the same evidence. The majority concludes he may. While I am not certain that the majority is wrong, I am sufficiently concerned about this practice that I feel compelled to note my concern and its basis.

First, there may be merit in defendant's equal protection argument. The majority finds, that "defendant is treated no differently than some other persons accused of a misdemeanor." But he is treated differently than other persons *whose cases have been considered by the grand jury.* Second, arguably, the action of the prosecutor here violates the spirit of ORS 132.430(2).[1] *Cf. The State v. Boswell,* 104

---

[1] The "spirit" of the statute is that the state should not harass its citizens. Once a grand jury has considered a case and has determined that no charge should

Ind 541, 4 NE 675 (1886) (an information should not be filed against a defendant, after grand jury had been discharged without finding an indictment against him); *Richards v. State,* 22 Neb 145, 34 NW 346 (1887), *overruled on other grounds Horbach v. City of Omaha,* 49 Neb 851, 69 NW 121 (1896) (district attorney should not have filed information, after grand jury had found cause of action against defendant unwarranted; *People v. Pack,* 39 NYS 2d 302, 179 Misc 316 (1942) (spirit of statute requires that once grand jury has declined to indict defendant, case generally should not be submitted to another court). Third, there is no reason to believe that the legislature has ever specifically considered the implications of ORS 132.430(2) in the context of this case, and especially not after the 1974 adoption of subsections (4), (5) and (6) of Art. VII (Amended) of the Oregon Constitution by the people.

I believe this practice is one deserving of legislative review and direction.

---

be brought, that should end the matter, unless and until the state can satisfy a judicial officer that the case should be resubmitted to a grand jury for further consideration. I believe that same spirit underlies ORS 131.515(2) (when a previous prosecution bars subsequent prosecution). *See State v. Brown,* 262 Or 442, 497 P2d 1191 (1972), *overruled on other grounds, State v. Hammang,* 271 Or 749, 756, n 4, 534 P2d 501 (1975).