THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANNA DZIEGIEL, Defendant.*

Supreme Court, Oswego County, January 10, 1931.

*Harry M. Stacy, District Attorney,* for the plaintiff.

*Don Carlos Buell,* for Mr. and Mrs. Manly T. Brackett.

MILLER, J. Application to resubmit the charge of murder in the first degree against the defendant to the consideration of another grand jury. The moving papers show that a request has been

* Appeal dismissed, 233 App. Div. 794.

made to the district attorney by Don Carlos Buell, an attorney, of Fulton, N. Y., representing the parents of the deceased, that such action be taken. The charge having been a serious one, the district attorney has deemed it his duty to bring such request to the attention of the court.

While the court has the power under certain conditions to direct a criminal charge to be again submitted to a grand jury, the law and practice seem to be quite well settled that such power should not be exercised unless it appears that new evidence has been discovered since the former submission, or it is apparent that the grand jury has failed to give the case a complete and impartial investigation. (*People* v. *Neidhart*, 35 Misc. 191; *People* v. *Both*, 118 id. 414.)

Neither has a court the right to exercise its own individual opinion in determining what a grand jury should or should not do in a given case, but rather should act in a judicial capacity, and ought not to grant such an application unless facts are presented that warrant such action. (*People* v. *Brown*, 193 App. Div. 203, 210; *People* v. *Neidhardt, supra.*)

I am advised by the district attorney that no new evidence has been discovered, and an examination of the record discloses the fact that the alleged new evidence suggested in the affidavits submitted by Mr. Buell, at the most, is only corroboratory of certain facts that were fully brought to the attention of the grand jury. There is no suggestion in any of the papers before me that the proceedings before the grand jury were in the slightest degree unusual or irregular.

In fact, the record discloses that the district attorney presented to the grand jury all the evidence that could or can be obtained, and that body gave the matter a searching investigation and most careful consideration.

The grand jury voted no bill, but recommended that the defendant, who was fifteen years of age, be turned over to the Children's Court for further consideration. After a full hearing in that court the defendant was convicted of juvenile delinquency and committed to the State Training School for Girls at Hudson, N. Y., where she is now confined.

The record in the Children's Court shows that a neuropsychiatric examination of the defendant made by Dr. Ward W. Millias of the Rome State School, indicated the mental capacity of the defendant to be that of a child between twelve and thirteen years of age.

The duties of a grand juror are most important and exacting, and it is generally conceded among judges and lawyers that grand jurors as a rule fully appreciate the great responsibility that is

placed upon them, and in the discharge of their duties act carefully and conscientiously. If grand juries were to understand that their work was merely perfunctory and that the court, upon its own motion or upon the recommendation of the district attorney, was likely to set aside or overthrow their findings, with no judicial grounds for so doing, the efficiency and effectiveness of our grand jury system would soon disappear.

Under the circumstances, it would, in my opinion, be an abuse of judicial discretion and a reflection upon the intelligence and integrity of the grand jury that passed upon this matter to order a resubmission to another grand jury.

The application is denied.