THE PEOPLE OF THE STATE OF· NEW YORK ex rel. JOHN C. FLINN, Appellant, *v.* ROBERT BARR, as Warden of the City Prison, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY F. LALLEY, Appellant, *v.* ROBERT BARR, as Warden of the City Prison, Respondent.

(Argued March 28, 1932; decided April 26, 1932.)

*Nathan Burkan, Frederic R. Coudert, Jr.,* and *Herman Finkelstein* for appellants. Since the same alleged act, at the same time and place, allegedly caused the several deaths, the second grand jury was without jurisdiction in the absence of an order of resubmission as required by section 270 of the Code of Criminal Procedure. (*People* v. *Dillon,* 197 N. Y. 254; *Wiley* v. *Solvay Process Co.,* 215 N. Y. 584; *People* v. *Karr,* 240 N. Y. 348; *Matter of Heydons,* 3 Co. Rep. 18; *Woodford* v. *People,* 62 N. Y. 117; *People* v. *Harris,* N. Y. Law Journal, March 22, 1912; *Rex* v. *Jennings,* Russ. & Ry. 388; *State* v. *Cosgrove,* 103 N. J. L. 412; *State* v. *Damon,* 2 Tyler [Vt.] 387; *Clem* v. *State,* 42 Ind. 420; *Hurst* v. *State,*

129 So. Rep. 714; *State* v. *Houchins*, 102 W. Va. 169; *Commonwealth* v. *Veley*, 63 Penn. Super. Ct. 489; *State* v. *Poulson*, 141 Atl. Rep. 165; *State* v. *Nelson*, 29 Me. 329; *Lowe* v. *State*, 57 Ga. 171; *State* v. *Hennessey*, 23 Ohio St. 339; *Sprague* v. *Aderholt*, 45 Fed. Rep. [2d] 790.) Failure to secure an order of resubmission deprived the second grand jury of jurisdiction to investigate the charge and to render the indictments under which relators are held. (*People* v. *Rosenthal*, 197 N. Y. 394; *People* v. *Bissert*, 71 App. Div. 118; *People* v. *Neidhart*, 35 Misc. Rep. 191; *People* v. *Both*, 118 Misc. Rep. 414; *People* v. *Dziegel*, 140 Misc. Rep. 145.)

*Thomas C. T. Crain, District Attorney (Felix C. Benvenga* of counsel), for respondent. Where the same act affects the person or property of more than one individual it was not the intention of the Legislature to prevent resubmission of the charge to another grand jury, so far as the act in question affected the person or property of other individuals. (*People* v. *Warren*, 109 N. Y. 615; *People* v. *Rodgers*, 184 App. Div. 462; 226 N. Y. 671; *People* v. *Bevins*, 74 Misc. Rep. 377; 149 App. Div. 935; *People* v. *Warren*, 1 Park. Cr. Rep. 338; *People* v. *Van Keuren*, 5 Park. Cr. Rep. 66; *Woodford* v. *People*, 62 N. Y. 117; *State* v. *Corbitt*, 117 S. C. 356; *Commonwealth* v. *Browning*, 146 Ky. 670; *People* v. *Brannon*, 233 Pac. Rep. 88; *People* v. *Majors*, 65 Cal. 138; *Commonwealth* v. *Melissari*, 298 Penn. St. 63; *State* v. *Labbee*, 234 Pac. Rep. 1049; *Blitch* v. *Buchanan*, 132 So. Rep. 474; *Vaughan* v. *Commonwealth*, 4 Va. 273.)

HUBBS, J. In April, 1930, a grand jury found two indictments for manslaughter in the second degree against relators-appellants. One charged the relators with causing the death of Catherine Porter and the other the death of Edna Burford.

Both lives were lost as a result of a fire at a studio in New York city where motion pictures were produced.

Eight others lost their lives in the same fire, including Ruth Sparks and Norene Byrne. A special grand jury was convened to investigate a charge of manslaughter against relators for causing the death of Ruth Sparks and Norene Byrne. The special grand jury dismissed the charge.

Thereafter the indictments here in question were returned against relators by another grand jury. The charge was submitted to the second grand jury by the district attorney without obtaining an order of resubmission as required by section 270 of the Code of Criminal Procedure.

It is conceded that the deaths, resulting from the fire and investigated by both grand juries, occurred under the same circumstances, at the same time and place, and as a result of the same alleged wrongful act of relators in failing to install a system of automatic sprinklers in the building where the fire occurred. Relators were arrested and thereafter sued out writs of habeas corpus. An order was made dismissing the writs and the order was affirmed by the Appellate Division. No question of practice is involved upon this appeal as the learned district attorney in his brief has assumed that the writs lie.

The sole question for our determination is whether the second indictment is void because of the failure of the District Attorney to procure an order of the court directing a resubmission of the charge to the second grand jury. Section 270 of the Code of Criminal Procedure reads:

" § 270. Effect of dismissal. The dismissal of a charge does not, however, prevent its being again submitted to a grand jury as often as the court may so direct. But without such direction it cannot be again submitted."

At common law a prosecuting attorney might resubmit a charge to a grand jury after the same charge had been dismissed by a previous grand jury without obtaining

an order of the court permitting such resubmission. (*United States* v. *Martin,* 50 Fed. Rep. 918.) Grave abuses arose out of such practice, and it was to correct such abuses that the statute was enacted requiring an order of the court before a charge could be resubmitted to another grand jury after it had been dismissed by one.

The object of the section was, as stated in a note to section 286 of the draft of the Code of Criminal Procedure: " To provide a convenient check upon the practice which now prevails, of repeated applications to the Grand Jury for an indictment, where it has been already dismissed." Since the statute was enacted to remedy an acknowledged defect in our criminal practice and to eradicate a practice which had resulted in wrongs, it must be interpreted fairly to carry out the policy which it was enacted to accomplish. (*Chamberlain* v. *Western Transportation Co.,* 44 N. Y. 305.) The language of the section is clear and provides in unmistakable terms that a charge cannot be again submitted to a grand jury after it has been dismissed by one unless the court so directs.

An indictment in violation of the provisions of the section is absolutely void, as a second grand jury would be acting without jurisdiction.

It is urged by respondent, thus far successfully, that a direction of the court to resubmit this charge to a second grand jury was not required, as the alleged negligent failure of the relators to install a system of automatic sprinklers resulted in the death of more than one person. It is urged that the death of each of the ten persons constituted a distinct and separate crime and that the District Attorney might, in his discretion, submit a charge of manslaughter against relators to ten different grand juries, naming in each charge a different one of the ten persons whose lives were lost, and if an indictment should be found on each charge try relators

on each of the ten charges, all the result of the single negligent act.

The mere statement of the proposition shocks one's sense of justice and fair play.

From time immemorial, it has been a fundamental principle of Anglo-Saxon law that no person is to be placed in jeopardy more than once for the same offense. The principle was deemed so basic that it was embodied in our Federal Constitution and in those of most of the States. The spirit embodied in that principle must have been one of the controlling influences which led to the enactment of section 270 of the Code of Criminal Procedure. If repeated trials for the same offense, with the attending expense, trouble and delay, is contrary to the spirit of our criminal law, so also is repeated submissions of the same charge to different grand juries except in unusual cases when for cause shown the court in its discretion may direct a resubmission.

In our judgment, the beneficent purpose of the statute should not be nullified by a narrow technical construction which would, while apparently following the letter of the law, destroy its spirit. We believe that to permit ten separate indictments before ten different grand juries without the direction of the court and ten separate trials on the charge of manslaughter, all growing out of the failure of the relators to install an automatic sprinkler system in the building in question, would be contrary to the statute. True it is that ten indictments are not involved in this case; still the principle here asserted is the same. There is no pretense that relators had any intent in fact to commit the crime of manslaughter. The alleged crime was accidental and involuntary, not the result of an affirmative intentional act, but the result of negligent failure to act.

While there is great dearth of authority upon the exact question presented, we believe that Chief Judge CHURCH in an exhaustive and painstaking opinion in the case of

*Woodford* v. *People* (62 N. Y. 117, 127), has pointed the way to the decision which we should make, upon the facts involved in this case. It is not necessary, however, to express an opinion in regard to all of the statements contained in that opinion. Sufficient it is to hold that the principle there announced is applicable to the facts in this case.

In that case the indictment in one count charged that the defendant and another burned thirty-five dwelling houses by the single act of setting fire to one building. The defendant moved to quash the indictment for duplicity on the ground that the burning of each house was a separate crime. The contention was overruled. The court said: " They are charged to have been burned by a single act of firing and burning. A conviction upon separate indictments * * * may have been good for any one, and a conviction or acquittal upon such an indictment would be a bar to an indictment for burning any other house burned by the same act. These consequences must follow from the position that there was but one crime committed in respect to all the dwelling-houses, and that the respective counts charged but one crime."

That decision was followed in *People* v. *Harris & Blanck* (N. Y. Law Journal, p. 2857, March 22, 1912). That case grew out of the Triangle Shirt Factory fire, in which a hundred lives were lost. After the defendants had been tried and acquitted upon a charge of having caused the death of one, they were indicted and placed on trial on a charge of manslaughter for having caused the death of another. It was charged that the bolting of a door resulted in the deaths. The trial court held: " In substance and effect, the offense now charged against these defendants is identical in law and in fact with the offense for which they have already been tried."

In *State* v. *Cosgrove* (103 N. J. L. 412) the defendant was convicted of an assault and battery upon Lillian Dowling. He had previously been acquitted on a charge

of manslaughter for causing the death of Mary Mullaney. While the two girls were crossing the street hand in hand they were knocked down by an automobile operated by defendant, and as a result of defendant's act, Mary Mullaney sustained injuries which caused her death and Lillian Dowling also received injuries. The court decided that as the assault and battery upon the person of Lillian Dowling was the result of the same act which was the basis of the indictment for causing the death of Mary Mullaney and defendant had been acquitted upon the charge of causing her death, he could not be convicted of assault upon Lillian Dowling. The principle involved in that decision is the same as the principle involved in the case at bar.

The case of *State* v. *Evans* (33 W. Va. 417) held a plea of former acquittal demurrable upon the ground that the crimes charged were the result of separate acts, but in the course of the opinion it was said: "A case can be conceived where such a plea might be held good. For example, the engineer of a railway train might be charged with negligently and feloniously causing the death of one passenger in a wreck, and being tried and found by the jury entirely blameless for the accident, such acquittal might, perhaps, constitute a perfect defense to a subsequent indictment for killing another passenger who was on the same train."

We believe that the principle involved in the supposed case is applicable to the case at bar. Various rules have been adopted by the courts of different jurisdictions for the application of the law governing the plea of former jeopardy. The cases on that subject are in great confusion. (12 Cornell Law Quarterly, 212.) They are exhaustively reviewed in a note to the case of *State* v. *Corbitt* (117 S. C. 356; 20 A. L. R. 328). We are not required to discuss those cases, as we feel that no matter what the proper rule may be in cases involving the law applicable to the plea of former jeopardy, we should decide under the facts in this case that section 270 of the

Code of Criminal Procedure applies, and that the indictment returned by the second grand jury against relators is void.

In each case the order of the Appellate Division should be reversed, the writs of habeas corpus sustained and the relator discharged.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Orders reversed, etc.