THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LUDWIG J. KARLOVSKY, Defendant.[*]

Court of General Sessions, New York County, Part I, February 10, 1933.

*Thomas C. T. Crain, District Attorney [William R. Maloney, Assistant District Attorney, of counsel], for the plaintiff.*

*Hackenburg & Schwartz, for the defendant.*

FRESCHI, J.   This is a motion to dismiss the indictment herein predicated upon the claim that section 270 of the Code of Criminal Procedure has been violated; in that the order of resubmission of the case to the grand jury is null and void because the affidavit upon which it was granted is barren of any facts to show that there was some reason to resubmit the charges against this defendant. On December 9, 1932, after hearing the People's witnesses and the defendant, the grand jury dismissed the charge and ordered defendant discharged from custody.   Pursuant to the order of resubmission, dated January 25, 1933, after hearing the case and the testimony of an additional witness, Dr. Louis Rosenberg, the second grand jury indicted the defendant who, on January 31, 1933, pleaded " Not guilty," and was granted permission to make such motions with respect to the indictment as he may be advised.   The power of the court to direct a resubmission is discretionary.   Whether sufficient additional facts were presented to the grand jury which would justify it to indict can properly be determined upon a motion to inspect the minutes of the grand jury preliminary to an application to dismiss the indictment so found.

---

The fact that one grand jury has dismissed the case might be considered sufficient ground to grant defendant leave to inspect the minutes of the second grand jury, in order to determine whether the alleged additional testimony would justify the finding of the indictment.

This motion to set aside the order of resubmission and to dismiss the indictment is, therefore, denied.