THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
DAVID LEBOW, Defendant.

Court of General Sessions of County of New York, March 26, 1951.

*Tobias A. Keppler* for defendant.

*Frank S. Hogan, District Attorney,* for plaintiff.

GOLDSTEIN, J. The defendant moves for an inspection of the Grand Jury minutes and for an order dismissing the indictment upon two grounds: (1) That the evidence before the Grand Jury was insufficient to warrant the filing of an indictment; and (2) That the indictment " filed herein is invalid and contrary to law."

An examination of the minutes before the Grand Jury, which voted the indictment on February 23, 1951, shows that there was sufficient evidence to warrant the filing of an indictment.

The defendant urges that the order of resubmission by my colleague, Judge JAMES GARRETT WALLACE, on October 11, 1950, was contrary to law. The facts are as follows:

The charge against the defendant for grand larceny in the first degree was submitted to the Third Grand Jury, October, 1950 Term. On October 9, 1950, the Grand Jury failed to find an indictment and handed up to the presiding Judge in Part I a " dismissal " of the charge.

My colleague, Judge JAMES GARRETT WALLACE, who was presiding in Part I during the October, 1950 Term, with his usual thoroughness, examined into the " dismissal " and, on October 11, 1950, " ordered that this charge be re-submitted to a Grand Jury, other than the Third Grand Jury, October 1950 Term."

Pursuant to that order, the District Attorney resubmitted the case to the February, 1951 Grand Jury which voted an indictment of grand larceny in the first degree.

Counsel for the defendant urges that the present indictment should be dismissed on the ground that there were no additional facts before the February, 1951 Grand Jury that voted the indictment than there were before the October, 1950 Grand Jury that dismissed the charge.

Section 270 of the Code of Criminal Procedure gives the judge the right to order a resubmission of the charge to the same Grand Jury that handed down the dismissal or to any other grand jury.

The statute does not limit the court in exercising this power. There is no requirement that there be additional facts or new facts before the charge may be resubmitted to a grand jury.

If, in the opinion of the court, there was a prima facie case before the Grand Jury that failed to vote an indictment, the court, on its own motion, may direct a resubmission of the case on the identical facts.

The motion of the defendant on the two grounds urged is therefore denied.