THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
PHILIP BESSER, Defendant.

Court of General Sessions of County of New York, April 25, 1955.

*Frank S. Hogan, District Attorney (Stephen A. Wise, Kenneth R. Frankl and James M. Yeargin of counsel), for plaintiff.*

*Julius S. Impellizzeri and Gilbert Siegal for defendant.*

GELLER, J. Defendant moves for an order dismissing the indictment herein on the ground that the court lacked the power, on its own motion, to resubmit the charge to a grand jury, where a prior grand jury had considered the charge and returned a " dismissal " thereof to the court.

The charge of grand larceny in the first degree against the defendant was first submitted to the Fourth Grand Jury, November, 1954, Term, on November 19, 1954. That Grand Jury failed to find an indictment and returned to the court a " dismissal " of the charge.

On November 24, 1954, on its own motion, this court directed that the charge be resubmitted to a different grand jury. The order of resubmission provided that " the dismissal of (the) charge by the Grand Jury and the direction of the Court for resubmission be not exhibited to the grand jury on resubmission." The direction was obeyed and on December 22, 1954, a true bill charging the defendant with grand larceny in the first degree was voted and returned by one of the grand juries, December, 1954, Term.

Thereafter, on January 18, 1955, the defendant was arraigned in Part I of this court on the indictment returned by the second grand jury, appeared by counsel and pleaded not guilty.

The defendant asserts that the basis for the resubmission of a charge, dismissed by one grand jury, to another grand jury, is, and can only be, section 270 of the Code of Criminal Procedure and that under that section the court has no power to so resubmit on its own motion.

The pertinent part of section 270 reads as follows: " *Effect of dismissal.* The dismissal of the charge, whether it be a felony or misdemeanor, does not, however, prevent its being again submitted to a grand jury * * * if the county judge of the county or justice of the supreme court so directs. But without such direction, it cannot be again submitted or further prosecuted."

Said section is made applicable to the Judges of the Court of General Sessions by section 51 of the Code of Criminal Procedure.

Defendant's argument is, that a resubmission can only be made by the court where application has first been made by the district attorney. In effect, the defendant seeks to read in, the

words, "on application of the district attorney" after the words, "so directs", in the above-quoted section.

The quoted language of section 270 is clear and unambiguous and expressly authorizes the resubmission of a charge to a grand jury where the judge "so directs". Nowhere in the said statute is this direction made dependent on an application by the district attorney, as contended by the defendant. The word "direct" is clear and explicit and does not in any way imply or import the necessity for a prior request or application by anyone. The defendant's construction of section 270 distorts the plain meaning of the statute. The word "direct" also appears in related sections of the Code of Criminal Procedure, namely, sections 317, 318, 327 and 329, and under said sections the court, on its own motion, may direct a resubmission on the granting of a motion to set aside an indictment or if a demurrer be allowed, without application of the district attorney.

Clearly applicable here, is an elementary rule of statutory construction, stated in *Johnson* v. *Hudson Riv. R. R. Co.* (49 N. Y. 455, 462), that "Where the language is definite and has a precise meaning, it must be presumed to declare the intent of the legislature, and it is not allowable to go elsewhere in search of conjecture to restrict or extend the meaning." (*McCluskey* v. *Cromwell*, 11 N. Y. 593; *People ex rel. West Side Elec. Co.* v. *Consolidated Tel. & Elec. Subway Co.*, 187 N. Y. 58; *Meltzer* v. *Koenigsberg*, 302 N. Y. 523; *Matter of Daniman* v. *Board of Education of City of N. Y.*, 306 N. Y. 532; *Matter of Rathscheck*, 300 N. Y. 346.)

Contrary to this rule of statutory construction, the defendant claims that the said section was merely intended to prevent a district attorney from resubmitting a charge to successive grand juries, without the direction of the court. To support said contention, the defendant refers to the Final Report of the Commissioners on Practice and Pleadings — Criminal Code, December 31, 1849 (N. Y. Assem. Doc., 1850, No. 18, p. 138) from which section 270 was derived, without material change. The applicable part of the report reads as follows: "This section is designed to provide a convenient check upon the practice which now prevails, of repeated applications to the grand jury for an indictment, where it has been already dismissed. Cases have existed, where, after frequent dismissals of the indictment, the perseverance of the prosecutor has at length succeeded in procuring it to be found. The Commissioners are not prepared to say, that an indictment should not be found after one or more dismissals; for they are ready to admit, that by

reason of the discovery of new testimony, or of other facts intimately connected with the due administration of justice, it may be both expedient and necessary, that the case should be submitted to another grand jury. To prevent, on the one hand, the abuse referred to, and to guard the interests of the public, on the other, they have proposed that the dismissal of the charge shall not prevent its being again submitted to the grand jury, as often as the court shall direct; but that without such direction, it shall not be again submitted.''

Although the Report indicates that section 270 was designed to prevent district attorneys from resubmitting charges to successive grand juries without leave of court, nowhere in said report is the converse stated, that the court, on its own motion, may not resubmit a dismissed charge. Rather, it would appear that the commissioners were mindful that there were circumstances, including '' facts intimately connected with the due administration of justice '', which would require a court to resubmit a charge to a grand jury. It is significant that neither the report nor the statute contains any verbiage limiting the directorial power of the court.

The court's power of resubmission rests not only on the express and unqualified language of the said section 270, but on the mandate of section 248 of the Code of Criminal Procedure, that the court give the grand jury '' such information as is may deem proper as to the nature of their duties, and any charges and crimes returned to the court or likely to come before the grand jury.'' In directing the resubmission in the instant case, the court was doing no more than causing the Grand Jury to be informed, through the district attorney, of what it believed merited their investigation as to whether a crime was committed.

The court is privileged, by virtue of its broad supervisory duties, to inform the grand jury of crimes (Code Crim. Pro., § 248; Note on Advising the Grand Jury, 18 N. Y. Crim. Rep. 320). The defendant's contention that '' the Code only grants the court certain custodial functions with regard to the physical handling of the papers and minutes of a dismissed action as herein and no others '' is patently unsound in view of the court's broad supervisory powers over the grand jury.

Parenthetically, under section 252 of the Code of Criminal Procedure, '' The grand jury has power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court.'' Its jurisdiction is not dependent upon the district attorney calling the matter to its attention. (*People ex rel. Hummel* v. *Davy,* 105 App. Div. 598, 601, affd.

*sub nom. People ex rel. Hummel* v. *Trial Term,* 184 N. Y. 30; *Matter of Morse,* 42 Misc. 664; *Hale* v. *Henkel,* 201 U. S. 43.) As indicated above, the court is certainly one who may inform the grand jury of crimes (Code Crim. Pro., § 248).

Section 270 of the Code of Criminal Procedure has been on the statute books for over seventy years, and there are similar statutes in at least fourteen other States, namely: Arizona, Arkansas, Idaho, Iowa, Kentucky, Montana, Nevada, New Mexico, North Dakota, Oregon, Oklahoma, South Dakota, Utah, and Washington.

Diligent research by counsel and the court has disclosed no decision at common law or under the statutes of this or other States denying the power of a court to resubmit a dismissed charge to another grand jury, on its own motion. The only decision dealing with the question, *People* v. *Lebow* (207 Misc. 762), is by my learned colleague, Judge JONAH J. GOLDSTEIN, and his opinion in that case affirms the court's power. In the cited case my learned predecessor, Judge JAMES GARRETT WALLACE, on his own motion, resubmitted to a Grand Jury the charge, against the defendant, which was theretofore dismissed by another grand jury. A motion to dismiss the indictment by the subsequent Grand Jury, on the grounds that there were no additional facts before that Grand Jury and that the indictment was invalid and contrary to law (Code Crim. Pro., § 270), was denied by Judge GOLDSTEIN, who stated:

'' Section 270 of the Code of Criminal Procedure gives the Judge the right to order a resubmission of the charge to the same grand jury that handed down the dismissal **or to any other grand jury.**

'' The statute does not limit the court in exercising this power. There is no requirement that there be additional facts or new facts before the charge may be resubmitted to a grand jury.

'' If, in the opinion of the court, there was a prima facie case before the grand jury that failed to vote an indictment, the court, on its own motion, may direct a re-submission of the case on the identical facts.''

Although there are no other reported cases, there is ample precedent in the well-settled practice of judges of this and other courts to so resubmit cases to grand juries on their own motion, where the interests of justice require it.

This power of the court to direct resubmissions on its own motion should be exercised to prevent the impairment of the true administration of justice, albeit that such resubmissions

should be used sparingly, discriminately and with considerable caution.

Fully mindful of the care with which such power of resubmission should be exercised, this court, in the instant case, in order to further the interests of justice, found it necessary and essential to direct that the charge be resubmitted to another grand jury. A further review of this matter, including the minutes of the second Grand Jury, confirms the correctness of the resubmission.

The defendant also argues " that the same spirit of double jeopardy concept deep in Anglo-Saxon law controls resubmission to the grand jury in the same manner as repeated trials." The fact is, the defendant was not placed in double jeopardy by the fact that the first Grand Jury failed to indict him on the original charges.

To be placed in jeopardy for a second time, as prohibited by section 6 of article 1 of the New York State Constitution, and section 9 of the Code of Criminal Procedure, one must previously have been placed in jeopardy. The requirements of that former or initial jeopardy are well set forth in *People ex rel. Meyer* v. *Warden* (269 N. Y. 426) where the court said (p. 428) : " The general rule in this State is that if the court has jurisdiction and all prior proceedings are valid, a prisoner is placed in jeopardy *when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, and evidence given.*" (Emphasis added.) Since the defendant was not indicted by the first Grand Jury, obviously, the facts in the instant case meet none of the requirements for a plea of double jeopardy.

On the argument of the motion, defendant's counsel also argued that the defendant was prejudiced by the court's resubmission order, which precluded and withheld from the second Grand Jury knowledge of the dismissal by the first Grand Jury. This clearly is not an argument that there was prejudice *against* — *to the detriment* of the defendant, but rather that the second Grand Jury was not permitted to be prejudiced *in favor* of the defendant by the knowledge that another grand jury failed to indict. If the court had not included in its order the said proviso, the defendant would have argued, and probably with considerable merit, that the defendant was prejudiced thereby, in that knowledge of the resubmission by court direction might have unduly influenced the second Grand Jury to indict (*People* v. *Both,* 118 Misc. 414; *People* v. *Brown,* 193 App. Div. 203).

It is evident that the decretal provision in the resubmission order, precluding the second Grand Jury both from knowledge of the prior dismissal and from seeing the order for resubmission, avoided any prejudice to the defendant and permitted the second Grand Jury to consider the charge *de novo* with a clean slate.

The motion of the defendant is accordingly denied.