Gavagan, J.
The relator seeks a writ of habeas corpus. It is conceded that, after a Grand Jury refused to indict the relator, a Judge of the Court of General Sessions, of his own volition and without application of the District Attorney, directed that the charge be resubmitted to a different Grand Jury but that neither the dismissal nor the order for resubmission be exhibited to the jurors. This direction was obeyed by the District Attorney and the second Grand Jury voted a true bill and indicted the relator for grand larceny in the first degree. It is the relator’s contention that this indictment is null and void because the Judge who directed the resubmission to the second Grand Jury lacked the power so to do.
The learned assistant district attorney contends that section 270 of the Code of Criminal Procedure confers upon a judge *664 the power to resubmit a criminal charge to another grand jury when a prior one has refused to'indict. This contention ignores entirely the historic background of the grand jury and of section 270.
The law jealously guards the province of the grand jury. It is an ancient and historic Anglo-Saxon institution with power to investigate and accuse. In the struggles which arose in England between the powers of the Crown and of the rights of the subject, the grand jury often stood as a barrier to persecution until at length it came to be regarded as an institution by which the subject was rendered secure against oppression from unfounded prosecutions by the Crown. The institution was adopted in this country from considerations similar to those which gave to it its first value. Here, it has become an informing and accusing tribunal without whose previous accusation no person charged with a felony could be put upon his trial. It is designed as a means not only of bringing to trial persons accused of public offenses upon just grounds but also as a means of protecting the citizens against unfounded accusations whether they come from the government or be prompted by partisan passion or private enmity. The grand jury now occupies the position of a public accuser while at the same time it stands as a defender of the liberty of the people.
It is somehow significant that the Supreme Court of the United States in a decision (Toth v. Quarles, 350 U. S. 11) recalled the famous jury trial of William Penn in London in 1670. Penn was acquitted by a jury of preaching to an “ unlawful, seditious and riotous assembly ’’ — a street meeting of Quakers. The Penn case (6 How. St. Tr. 951) .is historic because the jury asserted its powers despite pressure for conviction by the trial judge. Deep are the roots of the independent power of juries'— grand or petit.
To construe section 27Ó as vesting in a judge the power of resubmissión of a criminal charge — of his own volition — after a grand jury had refused to indict would do violence to the reasons, purposes and historic background of the section. Its purpose and intendment were to curb the power of District Attorneys. Ambitious or otherwise motivated prosecutors were all too prone to resubmit charges to grand juries until they ultimately found a grand jury to indict. Such conduct was declared á violation of the rights of an accused by the framers of the section but they did not thereby vest in a judicial officer the power to prosecute.
Judicial tyranny, as well as administrative abuses, must be challenged vigilantly. The judicial power must not, in the first *665 instance, become an accuser of an alleged felon. To concede such power destroys the democratic concept of the fairness and impartiality of the judicial process. In a Government such as ours, composed of a system of checks and balances, the court, the prosecutor and the grand jury — though necessarily working in close harmony — must not encroach upon the province of the other.
‘ ‘ The duties of a grand juror are most important and exacting, and it is generally conceded among judges and lawyers that grand jurors as a rule fully appreciate the great responsibility that is placed upon them, and in the discharge of their duties act carefully and conscientiously. If grand juries were to understand that their work was merely perfunctory and that the court, upon its own motion or upon the recommendation of the district attorney, was likely to set aside or overthrow their findings, with no judicial grounds for so doing, the efficiency and effectiveness of our grand jury system would soon disappear.” (People v. Dziegiel, 140 Misc. 145, 146-147.)
The Court of Appeals, speaking of section 270, said, ‘ ‘ An indictment in violation of the provisions of the section is absolutely void, as a second grand jury would be acting without jurisdiction. * * * If repeated trials for the same offense, with the attending expense, trouble and delay, is contrary to the spirit of our criminal law, so also is repeated submissions of the same charge to different grand juries except in unusual cases when for cause shown the court in its discretion may direct a resubmission.” (People ex rel. Flinn v. Barr, 259 N. Y. 104, 108, 109.) (Emphasis supplied.)
‘ The spirit of the law was to prevent the District Attorney, because he did not agree with the grand jury, from repeatedly resubmitting complaints until he could obtain a Grand Jury which would agree with him. A prosecution under the old system, prior to the enactment of this statute, might well become a persecution by continuous repetition of the charges. The spirit of the law and the intention of the Legislature, in the judgment of this court, are that when a case has been submitted to the Grand Jury it should not be submitted to a second grand jury, or be submitted to any other court, unless new and substantial facts are found which would warrant such submission and then only in case those facts are set before the court and the new submission authorized.” (People v. Pack, 179 Misc. 316, 323-324.)
In sum, the section is intended as a course of conduct for a District Attorney and only when additional facts are offered may a judge exercise the judicial power to order a resubmission. *666 Any other construction would defeat the very purpose of the section.
It would appear from other sections of the Code of Criminal Procedure, i.e., sections 317 and 327, that the power of a judge to resubmit a charge to another grand jury exists only in those classes of cases where he either sustains a demurrer or dismisses an indictment. In such cases the power to resubmit is given to a judge by legislative fiat. The power granted by these sections destroys entirely the notion of inherent power. If a judge possessed inherent power to order a resubmission, sections 317 and 327 would be meaningless and unnecessary. It certainly may not be said the Legislature, in enacting these sections, was legislating needlessly. The sections give to a judge a power which he otherwise does not possess and which is not inherent in the judicial process. Absent such inherent power, section 270 can not be construed to enlarge the power of a judge to order a resubmission without the application of the District Attorney upon cause shown.
No question of practice has been raised before me by the learned assistant district attorney.
For the foregoing reasons the writ of habeas corpus is sustained, the indictment dismissed, the relator discharged, and the bail exonerated.