The People of the State of New York ex rel. Philip Besser, Respondent, against Herman J. Ruthazer, as Warden of the City Prison of the City of New York, County of New York, Appellant.

First Department, January 22, 1957.

*Richard G. Denzer* of counsel (*Frank S. Hogan, District Attorney*), for appellant.

*Julius Impellizzeri* of counsel (*Luttinger & Passannante, attorneys*), for respondent.

*Per Curiam.* Respondent warden, represented by the District Attorney of New York County, appeals from the granting of a writ of habeas corpus, the discharge of relator, the exoneration of his bail, and the dismissal of the indictment pending against him in the Court of General Sessions.

The writ was granted on the ground that the indictment had resulted from a submission to a second Grand Jury, without showing of cause or additional evidence, on motion of a Judge of the Court of General Sessions, after a first Grand Jury had returned no bill against relator.

Of course, Special Term had no power to dismiss the indictment pending in the Court of General Sessions, but the granting of the writ and the discharge of relator merits comment.

In the Court of General Sessions, after the return of the indictment, which had been obtained on the court's own motion, relator moved to dismiss the indictment on the ground that the resubmission had been unauthorized. The motion was denied. (See *People* v. *Besser,* 207 Misc. 692.)

Section 270 of the Code of Criminal Procedure provides: '' The dismissal of the charge, whether it be a felony or misdemeanor, does not, however, prevent its being again submitted to a grand jury or its being prosecuted in a court of special sessions, police court or city court, having jurisdiction to try and determine such charge, if the county judge of the county or justice of the supreme court so directs. But without such direction, it cannot be again submitted or further prosecuted.''

The history of this section, and the reasons for its enactment, are adequately detailed in the opinion in the related case (*People* v. *Besser, supra*) and in *People ex rel. Flinn* v. *Barr* (259 N. Y. 104), and require no repetition here. There is nothing in the language of the statute, nor in its history, which suggests that its effect was to limit the power of a court of jurisdiction, as it existed at common law, to direct the resubmission of a charge which had theretofore failed to result in the return of a true bill by a Grand Jury. The limitation suggested in the statute and the conditions for providing the resubmission are directed to resubmission sought to be obtained by the prosecutor. On the other hand, the supervisory power of the court of jurisdiction over the Grand Jury is a real one. The statutory requirement that indictments, presentments, and dismissals, must be presented to the court is hardly for the sole purpose of filing. (See Code Crim. Pro., §§ 269, 272, 317–319.)

Of course, oppressive action by a court may result in an indictment subject to appropriate attack. If it should appear that a resubmission had been directed for an improper purpose, or that

there had been repeated resubmission despite negative action by the Grand Juries, a different situation would be presented. The dicta in *People* v. *Dziegiel* (140 Misc. 145) and *People* v. *Pack* (179 Misc. 316) referring to resubmission on the court's own motion, mentioned such action only where there would be " no judicial grounds for so doing " (p. 147). In *People ex rel. Flinn* v. *Barr* (*supra*) the discussion is limited to resubmission by a District Attorney, without direction of the court.

In this case there is no suggestion that the resubmission was motivated by any improper purpose, or involved any element of oppression, or other abuse of discretion. On the contrary, the Judge of the Court of General Sessions to whom the finding of no true bill had been returned, examining the papers, determined, in his discretion, that the matter merited resubmission to another Grand Jury. He directed, properly, that the history of the dismissal of the charge and his direction that it be resubmitted not be brought to the attention of the second Grand Jury.

The order should be reversed and the petition dismissed.

PECK, P. J., BREITEL, BOTEIN and BERGAN, JJ., concur.

Order unanimously reversed and the petition dismissed. Settle order on notice.