OPINION OF THE COURT
Edward S. Lentol, J.
Defendant has been indicted and charged with the crimes of manslaughter in the second degree and criminally negligent homicide and moves to dismiss the indictment.
The charges against the defendant were first submitted to the Grand Jury on July 27, 1976. That Grand Jury failed to find an indictment and returned to the court a dismissal of the charges.
Thereafter, by ex parte application, the District Attorney obtained an order signed by Mr. Justice Vaccaro directing resubmission of the charges to a Grand Jury pursuant to CPL 190.75 (subd 3) (formerly Code Grim Pro, § 270). Following the resubmission of the charges to a second Grand Jury the present indictment was returned.
The affirmation of the Assistant District Attorney submitted in support of said order stated that the resubmission was sought because of newly discovered evidence. The newly discovered evidence consisted of a witness who advised the District Attorney’s office that two weeks before the shooting he observed a confrontation between defendant and neighborhood youths, including the victim, and the defendant stated to the victim that "he had better watch out or he will shoot him”.
*443 The motion presents two issues. One is the claim that the affirmation of the prosecutor in support of Mr. Justice Vaccaro’s order was insufficient. The other is that the evidence presented to the second Grand Jury following resubmission was insufficient. The defendant also challenges the charge to the Grand Jury in that they were not instructed on the defense of justification.
At common law an order of the court permitting resubmission of the charge was unnecessary. The statute, section 270 of the Code of Criminal Procedure, was passed to correct grave abuses which arose out of such practice and to provide a check on the practice of repeated submissions to a Grand Jury by a prosecutor where charges had already been dismissed (Final Report of the Commissioners on Practice and Pleadings, Code of Criminal Procedure, Dec. 31, 1849, NY Assembly Doc, 1850, No. 18, p 138; People v De Lio, 75 Misc 2d 711, 713). The final report from which section 270 was derived without material change states in part: "This section is designed to provide a convenient check upon the practice which now prevails, of repeated applications to the grand jury for an indictment, where it has been already dismissed. Cases have existed, where, after frequent dismissals of the indictment, the perserverance of the prosecutor has at length succeeded in procuring it to be found. The Commissioners are not prepared to say, that an indictment should not be found after one or more dismissals; for they are ready to admit, that by reason of the discovery of new testimony, or of other facts intimately connected with the due administration of justice, it may be both expedient and necessary, that the case should be submitted to another grand jury.” (Emphasis added.) (People v Besser, 207 Misc 692; People ex rel. Besser v Ruthazer, 3 AD2d 137; see, also, People ex rel. Flinn v Barr, 259 NY 104.)
CPL 190.75 provides as follows:
"§ 190.75 Grand Jury; dismissal of charge.
"1. If upon a charge that a designated person committed a crime, either (a) the evidence before the grand jury is not legally sufficient to establish that such person committed such crime or any other offense, or (b) the grand jury is not satisfied that there is reasonable cause to believe that such person committed such crime or any other offense, it must dismiss the charge. In such case, the grand jury must, through its foreman or acting foreman, file its finding of dismissal with the court by which it was impaneled. * * *
*444 "3. When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury.”
The rule is well established that when a Grand Jury dismisses a charge, the prosecutor may not represent it for reconsideration by the same or another Grand Jury without permission of the court (People v Field, 15 NYS2d 561; People v Westbrook, 79 Misc 2d 902; CPL 190.75). Where the provisions of CPL 190.75 are not complied with the indictment is void since the second Grand Jury is without jurisdiction (People ex rel. Flinn v Barr, supra; People v De Lio, supra, p 714). The present statute permits but one resubmission. If the charge is again dismissed, "it may not again be resubmitted to a grand jury”.
There are sound reasons for the rule. The dismissal by the Grand Jury indicates that it did not consider the evidence of sufficient importance or worthy of belief and should not therefore be presented to a petit jury. The spirit of the Grand Jury procedure would be violated if a District Attorney, because he disagreed with the action of one Grand Jury, could repeatedly submit it to successive Grand Juries until he found one that would return an indictment. There would be chaos if one Grand Jury could review the action of another Grand Jury (People v Westbrook, supra, p 903; People v Coletti, NYLJ, March 31, 1936, p 1629, col 7 [Fitzgerald, J.]).
The first issue presented is whether this court may review the order made by Mr. Justice Vaccaro and its supporting affirmation which is attached because it is alleged it fails to set forth new testimony or additional facts. This court finds that it may do so. The general rule is well established that Judges shall not pass or review a matter already passed upon by another Judge of equal authority or co-ordinate jurisdiction (Matter of Wright v County of Monroe 45 AD2d 932), the prior order of Mr. Justice Vaccaro should ordinarily be adhered to by Judges of co-ordinate jurisdiction in the same action or proceeding (Field v Public Administrator of County of N. Y., 10 AD2d 97; see, also, Public Serv. Mut. Ins. Co. v McGrath, 56 AD2d 812).
There is, however, an exception provided by statute to the rule when the prior order is an ex parte order. CPLR 2221 *445 (subd 2) provides: "[I]f the order was made without notice such motion [to review] may be made, without notice, to the judge who signed it, or, on notice, to any other judge of the court.”
The court therefore concludes that this motion is properly before this court since it involves the consideration of a prior ex parte order.
This case should be distinguished from cases where resubmission is ordered by the court on its own initiative.
In People ex rel. Besser v Ruthazer (3 AD2d 137, 138, supra), the court stated: "There is nothing in the language of the statute, nor in its history, which suggests that its effect was to limit the power of a court of jurisdiction, as it existed at common law, to direct the resubmission of a charge which had theretofore failed to result in the return of a true bill by a Grand Jury. The limitation suggested in the statute and the conditions for providing the * * * power of the court of jurisdiction over the Grand Jury is a real one.”
The power of the court to direct a resubmission is discretionary (People v Karlovsky, 147 Misc 57; People ex rel. Flinn v Barr, 259 NY 104, supra; CPL 190.75, subd 3).
In People ex rel. Flinn v Barr (supra, p 109) it was said "for cause shown the court in its discretion may direct a resubmission.” The court has no right to exercise its own individual opinion in a given case, but should act in a judicial capacity. Cause is shown when "it appears that new evidence has been discovered since the former submission, or it is apparent that the grand jury has failed to give the case complete and impartial investigation” (People v Dziegiel, 140 Misc 145, app dsmd 233 App Div 794).
Assuming that "good cause” means new evidence or additional facts, it is not required that the new evidence or additional facts be disclosed in the affirmation in support of the resubmission order. It is sufficient to constitute good cause if the District Attorney in his affirmation states, "That in the opinion of deponent the said charge is well founded in law and on evidence, and there is reason to believe that, if the said charge is again submitted to the grand jury, evidence can and will be adduced sufficient to warrant the finding of an indictment.” (7 CLS, CPL 190.75, p 302.)
This court concludes that the order of Mr. Justice Vaccaro authorizing resubmission was regular in form and proper. The remedy of the defendant, which he has pursued by this *446 motion, is to move for an inspection of the minutes of the second Grand Jury preliminary to an application to dismiss the indictment so found. (People v Karlovsky, supra.)
The court now considers the second issue presented by the motion. Even though an order of resubmission is first obtained if the evidence before the second Grand Jury which returned the indictment is identical with that considered by the first Grand Jury, the indictment should be dismissed (People v Karlovsky, 147 Misc 56; People v Both, 118 Misc 414; People v Neidhart, 35 Misc 191).
Here we are presented with the issue of when it would be proper for a case to be resubmitted on the application of the District Attorney. It seems clear that such an application would be proper whenever the request is based on additional facts or newly discovered evidence. (See NY Assembly Doc, 1850, No. 18.)
In People v Dziegiel (supra) it was held that such power should not be exercised unless it appears that new evidence has been discovered or the Grand Jury investigation was incomplete. (People v Neidhart, supra; People v Both, supra.) "Neither has a court the right to exercise its own individual opinion in determining what a grand jury should or should not do in a given case, but rather should act in a judicial capacity, and ought not grant such an application unless facts are presented that warrant such action. (People v. Brown, 193 App. Div. 203, 210; People v Neidhart, supra.)” (People v Dziegiel, 140 Misc 145, 146, supra.)
In this case the identical testimony by the identical witnesses was presented to two separate Grand Juries with the exception of a statement by one witness to the second Grand Jury that about two weeks before the incident the defendant stated in substance that the victim better watch out or the defendant will shoot him and a statement by another witness that "he [the defendant] ran up, grabbed him and shot him in the head and backed off”. This second witness testified before the first Grand Jury that the defendant grabbed the scoater, they were shoulder to shoulder and there was a blast.
Newly discovered evidence has been defined in numerous cases. The rule with respect to vacating a judgment on the ground of newly discovered evidence as it relates to a trial is set forth in CPL 330.30, 330.40 and 330.50 and by the Court of Appeals in People v Salemi (309 NY 208). As part of those rules it must have been discovered since the trial and could *447 not have been discovered before by the exercise of due diligence. No less should be required to permit a resubmission where the same is applied for on the ground of newly discovered evidence.
In People v Karlovsky (147 Misc 57, 57-58, supra) the court held: "Whether sufficient additional facts were presented to the grand jury which would justify it to indict can properly be determined upon a motion to inspect the minutes of the grand jury preliminary to an application to dismiss the indictment so found.
"The fact that one grand jury has dismissed the one case might be considered sufficient ground to grant defendant leave to inspect the minutes of the second grand jury, in order to determine whether the alleged additional testimony would justify the Ending of the indictment. ” (Emphasis added.)
This court does not believe the so-called additional facts and newly discovered evidence justify the indictment.
The witness who testified as to the additional fact had testified at the first presentation and was always available and known to the District Attorney and it cannot be said that the information could not have been obtained prior to or at the first Grand Jury hearing. Furthermore, the District Attorney in his affirmation requesting an order to resubmit stated, "that notwithstanding that it is not our intention to proceed in this matter on the theory of intentional murder, the newly discovered evidence is vital to show a state of mind which precipitated conduct on the part of the defendant.”
The evidence presented to the second Grand Jury must be viewed in the light of the decision reached by the first Grand Jury. They found the evidence insufficient to return a true bill. It is not for this court, now, to substitute its judgment for that of the Grand Jury in reaching a decision as to whether the facts are sufficient. If we did we would be substituting our "opinion in determining what a grand jury should or should not do in a given case” (People v Dziegiel, supra, p 146).
In People ex rel. Flinn v Barr (259 NY 104, 109, supra) the court said: "In our judgment, the beneficent purpose of the statute should not be nullified by a narrow technical construction which would, while apparently following the letter of the law, destroy its spirit.”
A reading of the Grand Jury minutes further reveals that the Grand Jury should have been instructed on the law of *448 self-defense since the testimony revealed that the scoater was coming at him (the defendant). This was not done.
For the foregoing reasons the motion to dismiss the indictment is granted.