OPINION OF THE COURT
Kevin K. Ryan, J.
Introduction
On July 29, 2002, the Clinton County Grand Jury filed with *472 this court a no bill of indictment against Lawrence Crouthers. The no bill of indictment stated that a case had been presented against Mr. Crouthers charging him with the “maximum crime of Murder in the Second Degree committed June 9, 2002, as well as other offenses.”[1]
On September 4, 2002, a few days before the term of the grand jury ended, the clerk of the court received information that a grand juror from the panel had called the court clerk’s office and stated that he had contacted the District Attorney about reconvening the grand jury relative to the Crouthers proceeding and that the District Attorney had referred him to the court. The court is by statute a legal advisor to the grand jury (see CPL 190.25 [6]). The court instructed the court clerk to direct the juror and the foreperson or assistant foreperson to appear on September 6, 2002. The District Attorney was also directed to appear and to provide the grand jury minutes of this proceeding.
On September 6, 2002, in the presence of the District Attorney and assistant foreperson, the grand juror informed the court that he wished the grand jury to reconvene to consider lesser charges not presented to it for consideration by the District Attorney. The court reviewed the minutes concerning the submission of charges and noted that two charges of murder in the second degree (Penal Law § 125.25) were submitted for the grand jury’s consideration: subdivision (1), intentional murder, and subdivision (2), commonly referred to as “depraved mind murder.” As set forth previously, the no bill of indictment had stated that a case charging murder in the second degree “as well as other offenses” had been presented. When asked why no lesser charges had been presented, the District Attorney informed the court that he did not want to confuse the grand jury with other submissions. He also indicated that the grand jury had received all possible evidence and he had no intention of reconvening the grand jury to consider any offenses not submitted to it. The court indicated that it would review the entire grand jury minutes to determine its response. This decision and order now follows.
*473 Underlying Facts
This case concerns a tragic incident that occurred in the City of Plattsburgh on Sunday, June 9, 2002, at approximately 6:30 a.m. According to the grand jury minutes, Lawrence Crouthers was in bed at his home at 40 William Street. Also at home were his wife and adult daughter. Awakened by his wife, he responded to a perceived break-in at his residence by locating a rifle he owned and proceeded downstairs to his front door. A short time later, Andrew Leroux, a 21-year-old man, who also resided in Plattsburgh, and who earlier that morning had attended a party at another house on William Street, was shot to death. He was found lying on the sidewalk leading from the city sidewalk to the Crouthers’ front door.
Discussion
This court believes the first question presented by this case is, “Does the Court have the authority to direct resubmission of the case to a . grand jury for further consideration when the District Attorney has not sought, nor does not now seek, resubmission?” Assuming the answer to this question is “yes,” the second question is, “Is it appropriate to do so in this case?”
The filing of a no bill by a grand jury is an action that does not generate a significant amount of case law for the obvious reason that the proposed defendant is presumably pleased with the result. Appellate review in this area deals almost exclusively with instances in which a district attorney seeks resubmission of a charge for which the grand jury has issued a no bill. The governing statute is CPL 190.75 (3), which states:
“When a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury.” (Emphasis added.)
The purpose of requiring a district attorney to obtain court permission before he or she can once more, and only once more, resubmit a charge previously dismissed by a grand jury is to prevent an overzealous prosecutor from repeatedly submitting a charge until an indictment is finally obtained {see Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 190.75 at 349). The statute, by its language, does not limit who may apply to the court for such relief, although, from *474 a review of the case law, it is overwhelmingly most often done by the prosecutor.[2]
The various cases dealing with resubmission are therefore not particularly helpful here since the District Attorney in this case is not seeking resubmission. Furthermore, CPL 190.75 (3) addresses only the consideration by a grand jury of charges previously submitted and dismissed by a grand jury and does not prohibit the new submission of charges not previously presented, the request made by the grand juror in this case.
In those instances where charges have been presented which resulted in no bills, the case law discusses three general situations in which a resubmission may be appropriate upon application by the prosecutor: (1) new evidence has been discovered since the first submission to the grand jury, (2) the first grand jury failed to give the case a complete and impartial investigation, and (3) there is some basis for believing that the grand jury behaved in an irregular manner (see People v Dykes, 86 AD2d 191, 193 [2d Dept 1982]). A prosecutor is not able to resubmit a case “merely because he is dissatisfied with or disagrees with the conclusion of the Grand Jury” (id.).
One of the very few cases which addresses the question of a court on its own motion directing the reconsideration of a case by a grand jury is People ex rel. Besser v Ruthazer (3 AD2d 137 [1st Dept 1957]). Although the Besser decision was written when the Criminal Procedure Law’s predecessor, the Code of Criminal Procedure, provided the statutory framework on this issue, this court finds nothing in its conclusion that has been altered by either subsequent decisions or statutes.[3] In sanctioning the lower court’s direction to resubmit a charge on which a no bill had been returned, the Besser Court stated,
“There is nothing in the language of the statute, nor in its history, which suggests that its effect was to limit the power of the court of jurisdiction, as it existed at common law, to direct the resubmission of a charge which had theretofore failed to result in *475 the return of a true bill by a Grand Jury. The limitation suggested in the statute and the conditions for providing the resubmission are directed to resubmission sought to be obtained by the prosecutor” (id. at 138).
In the previously mentioned Preiser Practice Commentaries to CPL 190.75, the author cites the Staff Comments for the proposed Criminal Procedure Law in which the Besser case is referred to as providing the possibility for judicial abuse in the resubmission of charges by the court on its own motion. However, a review of Besser clearly shows that the Court was not unaware of this concern: “Of course, oppressive action by a court may result in an indictment subject to appropriate attack. If it should appear that a resubmission had been directed for an improper purpose, or that there had been repeated resubmission despite negative action by the Grand Juries, a different situation would be presented” (id. at 138-139). The Court in Besser therefore concluded that while a court, as well as a district attorney, could abuse a power to direct resubmission, the appropriate remedy for such an abuse was appellate review.
Furthermore, the situation discussed by the Besser Court in 1957, and addressed in the Staff Comments, repeated submissions until the desired result is obtained, was addressed when the Criminal Procedure Law was enacted in 1970. Section 190.75 (3) of the Criminal Procedure Law makes clear that a charge may be resubmitted to a grand jury only once. The concerns about judicial abuse of discretion were addressed, then, by limiting the number of opportunities to resubmit a case, not by limiting a court’s inherent power to so direct.
The language of the statute empowers the court, in its discretion, to “authorize or direct” (emphasis added) the resubmission of the charge. The use of these words in the alternative demonstrates that the former situation, authorizing the prosecutor to resubmit a charge, would result from a request by the prosecutor for such relief, while the latter situation, directing the prosecutor to resubmit the charge, indicates that the prosecutor has not sought permission to resubmit a charge and is commanded by the court to do so.
As the Besser Court also stated, “the supervisory power of the court of jurisdiction over the Grand Jury is a real one. The statutory requirement that indictments, presentments, and dismissals, must be presented to the court is hardly for the sole purpose of filing” (id. at 138). This assertion that the *476 court’s role is “hardly for the sole purpose of filing” is confirmed by the history of the grand jury and its role under common law.
Historically, the grand jury has had the inherent power to “make full investigation to see whether a crime has been committed, and if so, who committed it. They may investigate on their own knowledge, or upon information of any kind derived from any source deemed reliable” (People ex rel. Livingston v Wyatt, 186 NY 383, 391 [1906]). Consequently, the grand jury as an entity is not limited to considering only those cases presented to it by the prosecutor; its authority to investigate a matter without a charge having been previously laid against a person exceeds the power of the prosecutor and the courts (Gray, The Grand Jury as an Institution: Its Essential Character and Miscellaneous Supervision, 65 NY St BJ 38 [Dec. 1993]).
Turning to the first question asked previously, this court concludes that it does possess the authority to direct a district attorney: (1) to resubmit charges previously submitted to a grand, jury which charges were dismissed by the grand jury, and (2) to submit charges not previously submitted.
Addressing the next issue of whether it is appropriate under the facts of this case to do so, the court concludes that there is no basis for it to direct resubmission of the two charges of murder in the second degree. The court has reviewed the entire grand jury minutes and finds no irregularity in either the presentment of the evidence to the grand jury or in the instructions given regarding these crimes. This ruling, of course, does not prevent the District Attorney from seeking court approval to resubmit pursuant to CPL 190.75 (3) upon providing a sufficient legal basis as previously discussed.
The court reaches a different conclusion, however, with respect to lesser charges not submitted. After being instructed on the elements of the two murder charges submitted and then deliberating for a period of time, the grand jury called back the District Attorney to ask him questions. The very first question asked was, “Are these the only allowable charges?”
His response was, “If you view the evidence to believe that there is some other offense that has come up, we can talk about that. But my understanding, from review of this, I believe these are the most appropriate and only ones that the offenses viewed in the most objective way I can view them.” He went on to indicate that except for some minor charges that could be considered, the appropriate charges had been submitted. He *477 stated, “If we were to go to lesser charges, they essentially have the same or similar elements which would also have same or similar defenses that would apply * * * .”
A grand juror then commented, “You know, we listen to what’s presented to us, these particular charges, but we don’t have the background, at least I don’t, to know what other charges, you know, are allowed.”
A grand juror then specifically asked, “What would be involved in the manslaughter charge?” The District Attorney responded that he did not see any difference between the murder and manslaughter charges and that he was not requesting that any manslaughter charges be considered. A cursory review of the statutory language of manslaughter first and second degrees clearly shows that this is simply not the case.
It is this court’s opinion that the original determination not to submit lesser charges for the grand jury’s consideration as well as the continuing refusal to do so even after a request from a grand juror cannot be justified and compels this court to act.
The grand jury was obviously struggling with being presented with an “all or nothing” submission, either murder in the second degree or a total dismissal. The evidence that had been presented would clearly have supported the submission of at least two other charges, manslaughter in the second degree (Penal Law § 125.15) and criminally negligent homicide (Penal Law § 125.10).
Furthermore, after a specific request was made concerning the consideration of lesser charges, the District Attorney’s advice to the grand jury that any lesser charges would have the same or similar elements was incorrect. For example, the definition of manslaughter in the second degree (subd 1), recklessly causing the death of another person, presents a far lesser proof requirement than murder in the second degree with its elements of depraved indifference to human life and conduct that creates a grave risk of death. For the crime of criminally negligent homicide, the People are only required to prove death by criminal negligence.
By seeking further instruction on additional charges, the grand jury here was attempting to conduct a complete and thorough investigation into this tragedy, which was their obligation. The District Attorney was obliged to act as the grand jury’s legal advisor (CPL 190.25 [6]). The advice and instructions given in response to the grand jury’s requests, *478 however, were incorrect. Therefore, this grand jury was unable to give this case a complete investigation (see People v Dykes, 86 AD2d 191, supra).
The court acknowledges the role of the District Attorney as the prosecutor of alleged criminal activity in the community and the broad discretion the District Attorney has in deciding what cases to prosecute (People v Di Falco, 44 NY2d 482, 486-487 [1978]; see also, People v McLaurin, 260 AD2d 944 [3d Dept 1999]). Furthermore, the court acknowledges that the District Attorney has broad discretion to determine which offenses to submit for a grand jury’s consideration (Di Falco, 44 NY2d 482, supra). However, when a grand jury has “expressed dissatisfaction with the submission and inquired whether there were other less serious charges that could be considered” the district attorney is obliged to respond accurately and to oblige them (People v Francis, 166 Misc 2d 476, 479 [1995]). This obligation rests partly on the ability of a grand jury, unlike a petit jury, to mitigate a potentially harsh result and return a true bill for a lesser offense only (People v Sullivan, 68 NY2d 495, 501 [1996]).
Furthermore, the court also believes that in certain instances, the Criminal Procedure Law recognizes the inherent authority of the court to direct inquiry by a district attorney into possible criminal activity even though he has previously declined to do so.
This decision is not inconsistent with, and actually enforces, the long-recognized discretion of the grand jury to determine what cases to investigate and what actions to take with regard to those cases.
Conclusion
Since the grand jury did not conduct a complete investigation into this case due to a lack of appropriate and accurate legal instruction, this court directs that within 45 days of the date of this decision and order the Clinton County District Attorney present the facts and circumstances of this case to a different grand jury and this court furthers directs that, in addition to any other appropriate charges, the District Attorney instruct the grand jury to consider the charges of manslaughter in the second degree (Penal Law § 125.15 [1]), and criminally negligent homicide (Penal Law § 125.10).
Furthermore, when the case is re-presented to a grand jury, the District Attorney is directed not to mention or discuss with the grand jury the procedural history of this case (see People v Tomaino, 248 AD2d 944, 946 [4th Dept 1998]).
*479 Lastly, the court expresses its strong disapproval of the District Attorney’s wording in the no bill of indictment. The statements that the grand jury had been presented with a case charging the defendant with murder in the second degree “as well as other offenses” and that an investigation was conducted into the death of Andrew Leroux “for all other possible crimes that could be charged” was simply not true and very misleading.

. Criminal Procedure Law § 190.75 (1) provides that if the grand jury is satisfied that either: “(a) the evidence before the grand jury is not legally sufficient to establish that such person committed such crime or any other offense, or (b) the grand jury is not satisfied that there is reasonable cause to believe that such person committed such crime or any other offense, it must dismiss the charge.”

. For an example of an application instigated by someone other than the prosecutor, see People v Dziegiel (140 Misc 145 [1931]), in which the district attorney, after an application by the parents of the deceased applied to the superior court for permission to re-present to a new grand jury the same charge that a grand jury had previously no billed.

. Section 270 of the Code of Criminal Procedure reads in relevant part: “The dismissal of the charge, whether it be a felony or misdemeanor, does not, however, prevent its being again submitted to a grand jury * * * if the county judge of the county or justice of the supreme court so directs. But without such direction, it cannot be again submitted or further prosecuted.”