[816 NE2d 183, 782 NYS2d 394]

In the Matter of RICHARD E. CANTWELL, as District Attorney of Clinton County, Respondent, v KEVIN K. RYAN, as Acting Judge, County Court of Clinton County, Appellant.

Decided June 24, 2004

## APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General,* New York City (*Robin A. Forshaw, Peter B. Pope, Daniel Smirlock* and *Wayne Benjamin* of counsel), for appellant.

*New York Prosecutors Training Institute, Inc.,* Albany (*Robert J. Conflitti* and *Susan L. Valle* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The judgment of the Appellate Division should be affirmed without costs.

Days after a grand jury returned a "no true bill" in connection with intentional and depraved indifference murder charges (Penal Law § 125.25 [1], [2]) against Lawrence Crouthers, the County Court Judge learned of the concerns of a grand juror who felt it might be appropriate to reconvene the grand jury so that it could consider lesser charges. The judge arranged for the juror to appear in open court and directed the prosecutor to be present, along with the grand jury's foreperson or assistant foreperson. The court further ordered the prosecutor to produce the grand jury minutes. After the court aired these concerns, the prosecutor stated that he had no intention of re-presenting the matter. The court issued a decision concluding that the proof would have supported the submission of at least two other charges, manslaughter in the second degree (Penal Law § 125.15) and criminally negligent homicide (Penal Law § 125.10), and ordered the prosecutor to present the case to another grand jury and to instruct it to consider those lesser charges and any other appropriate ones (*see People v Crouthers,* 193 Misc 2d 471, 477 [2002]).

After the prosecutor sought to reargue, the court issued a second order by "simply directing that within 45 days of this order lesser crimes [of the prosecutor's choosing] be submitted for the second grand jury's consideration," and otherwise denied reargument.

The Appellate Division properly granted the District Attorney's petition prohibiting the County Judge from enforcing its two orders (*see* 309 AD2d 1042 [3d Dept 2003]). The County Judge's reliance on CPL 190.75 (3) is misplaced. That section provides that when a grand jury has dismissed a charge pursuant to section 190.75 (1) (owing to legally insufficient evidence or when the grand jury is not satisfied that there is reasonable evidence to believe that the defendant committed the crime or any other offense) it may be resubmitted to a grand jury only if the court "in its discretion authorizes or directs the people to resubmit *such charge* to the same or another grand jury" (emphasis supplied). Here, as the prosecution points out, the County Judge did not direct the District Attorney to resubmit the same charge that the grand jury had previously considered and dismissed. The judge directed that other or additional (i.e., lesser) charges be submitted. Accordingly, we agree with the Appellate Division that the County Judge had no authority to issue the orders in question.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment affirmed, without costs, in a memorandum.